(19 App. Div. 567.)

PEOPLE ex rel. HOYT v. BOARD OF TRUSTEES OF VILLAGE OF BALLSTON SPA et al.

(Supreme Court, Appellate Division, Third Department. July 6, 1897.)

· MANDAMUS—APPOINTMENT OF VETERAN—TRIAL AS TO QUALIFICATIONS.

    Under Laws 1896, c. 821 (giving to honorably discharged Union soldiers a preference in appointment to office, provided they possess the business capacity necessary, and, when the preference is refused, allowing a remedy by mandamus to right the wrong), if the application of a Union veteran for an office is denied, he is entitled, upon a proceeding by mandamus, to a trial of the question of his qualifications, and as to whether the same were considered and passed upon by the appointing power, and whether there is a serious question as to his qualifications.

Appeal from special term, Saratoga county.

Application by the people, on the relation of George M. Hoyt, for a writ of mandamus to the board of trustees of the village of Ballston

Spa, and Patrick Heeney. From an order of the special term (44 N. Y. Supp. 471) denying relator's motion for a peremptory mandamus to be directed to the defendant trustees, requiring them to assemble and appoint the relator to the office of street and water commissioner of the village of Ballston Spa, and to annul and declare void the appointment of Patrick Heeney to said office, or, in case of the defendants producing affidavits denying any material facts stated in the moving affidavits, that an alternative mandamus issue, he appeals. Reversed.

The papers on which the motion was made, among other things, stated that the relator was an honorably discharged Union soldier, and served in the Union army in the war of the Rebellion; that he was a freeholder and taxpayer in said village, and held the office of street and water commissioner for two years previous to his application, and had performed the duties of said office in a manner satisfactory, etc., and was possessed of the business capacity necessary to the discharge of the duties of the said position of street and water commissioner of the said village; that he presented his petition to the board of trustees of the village of Ballston Spa on the 19th day of March, 1897, and claimed to be preferred for appointment to the said office, pursuant to chapter 821, Laws 1896; that no other Union soldier had made application for said office; that the said board refused to appoint the relator, and appointed in his stead the defendant Patrick Heeney, who was not a Union soldier; that such appointment was made without considering or passing upon the qualifications of the relator; and that they did not at any time determine the question whether or not the said Heeney was qualified for the said office, but appointed him as aforesaid, without such consideration, arbitrarily, and against the rights of the relator, as a preferred applicant. The defendants, on the hearing of the motion, read their joint affidavit, in which they admitted that the relator was an honorably discharged Union soldier, but denied the other material allegations contained in the moving papers. Their affidavit, among other things, stated: "That, in making said appointment, deponents, and each of them, duly considered and recognized the fact that relator was an honorably discharged soldier, and that he was entitled to preference, provided he was competent, able, and otherwise a fit person for the position. Deponents, and each of them, further say that, prior to said meeting, they had duly and deliberately considered the relative ability and competency of the relator for said office, as well as that of the other applicants; that, in making such appointment, they gave much weight and consideration to the negligent and incompetent manner in which said Hoyt had performed the duties of the office in the year last past." After setting forth certain alleged acts of incompetency and misconduct on the part of relator while holding the office of street and water commissioner of the village of Ballston Spa, the affidavit further states: "That the above are some of the evidences of misconduct, neglect, and general unfitness for the office of street and water commissioner which deponents, and each of them, duly considered and weighed in making said appointment, and which induced them to believe and judge that the relator Hoyt was not a competent and fit person for said appointment, and that the appointee Heeney was far superior for said office."

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Winsor B. French (James W. Verbeck, of counsel), for appellant.
Irving W. Wiswall, for respondents.

PUTNAM, J. The application of the relator for a peremptory writ of mandamus was properly denied. Although, under the provisions of section 9 of article 5 of the constitution of the state, as an honorably discharged Union soldier, he was entitled to a preference, the defendants were not compelled to appoint him to the office he desired unless

competent to discharge its duties. Chapter 821, Laws 1896, only gives honorably discharged Union soldiers a preference "provided they possess the business capacity necessary to discharge the duties of the position involved." As, on an application for a peremptory writ of mandamus, the opposing affidavits read by the defendants were to be taken as true (People v. Mayor, etc., 149 N. Y. 215, 43 N. E. 554), and the affidavits read by the trustees of the village of Ballston Spa in this case not only denied the allegations contained in the moving papers, but alleged the incompetence and unfitness of the relator to discharge the duties of the office he sought, the court below could not have properly granted a writ of peremptory mandamus requiring the defendants to appoint the relator to an office, the duties of which the defendants' affidavit (which the court was compelled to regard as true) showed he was incompetent to perform. The only question, then, that requires consideration is whether an alternative writ should have been granted.

It is conceded that relator is an honorably discharged Union soldier. As no other Union soldier applied, he was therefore entitled to appointment, if qualified to discharge the duties of the position. The moving affidavit stated that relator was fully competent to perform the duties of said office, and that the defendant trustees, in making the appointment, did not consider or question his qualifications therefor. These allegations are denied in the defendants' opposing affidavit. Was the relator, under the circumstances, entitled to an alternative writ of mandamus to try the question raised as to his competency for the office in question, and as to whether the defendant trustees considered and passed upon that question? Prior to the enactment of chapter 716, Laws 1894, probably under a state of facts such as appear in this case, the question of the competency or qualifications of an applicant who was an honorably discharged Union soldier could not be tried in a proceeding by mandamus. The defendants, the board of trustees, being vested with power of appointing a street and water commissioner, and having authority, as it was their duty, to pass upon the question of the qualification of applicants for the office, under the statutes then existing and well-established doctrines, their action in making an appointment, and in passing upon the qualifications of an applicant, could not be reviewed in a mandamus proceeding. People v. Village of Saratoga Springs, 54 Hun, 16, 7 N. Y. Supp. 125, and authorities cited; People v. Alms House Com'rs, 65 Hun, 169, 20 N. Y. Supp. 21; People v. Wendell, 57 Hun, 362, 10 N. Y. Supp. 587.

In People v. Morton, 148 N. Y. 156–161, 42 N. E. 538, Judge Andrews remarks:

"The relator in such an application could not show that he was entitled in preference to other Union soldiers, and the decision of the appointing power as to fitness, actual or relative, must generally, from the nature of the case, be final."

We think, however, that chapter 821, Laws 1896, amending chapter 716, Laws 1894, was intended to confer upon courts the power to review the action of an appointing board in denying the application of an honorably discharged Union soldier for appointment to office, either in an action or a proceeding by mandamus. The act in question, after

providing that honorably discharged Union soldiers should be preferred for appointment if "they possess the business capacity necessary to discharge the duties of the position involved," contains the following provision:

"A refusal to allow the preference provided for in this act to any honorably discharged Union soldier, sailor or marine, or a reduction of his compensation intended to bring about his resignation, shall be deemed a misdemeanor, and such honorably discharged soldier, sailor or marine shall have a right of action therefor in any court of competent jurisdiction for damages, and also a remedy by mandamus for righting the wrong. The burden of proving incompetency or misconduct shall be upon the party alleging the same."

The provision in the act for "a remedy by mandamus for righting the wrong," and that "the burden of proving incompetency or misconduct shall be upon the party alleging the same," indicates the intention of the legislature that the question of the competency of an applicant for the office he applies for may be tried in a proceeding by mandamus. Under the language quoted, in an action or proceeding by mandamus, the defendants cannot rest upon the fact that they have, as an appointing body, already decided that the applicant was incompetent. They are compelled to prove incompetency on the trial. By the plain language of the act, the question of competency is one to be tried and determined in the action or proceeding. Had the relator's motion for an alternative writ been granted, and a trial had, it might have appeared, as he claimed the fact to be, that his qualifications for the office in question were not passed upon or determined by the defendants; that he was clearly competent to fill the office of street and water commissioner. It might have been shown that the action of the defendants in appointing Heeney was a fraudulent attempt on their part to evade the provisions of the act of 1896. We think, therefore, that the court below should have granted relator's motion for an alternative writ of mandamus. Such a writ being granted, after a trial it may appear and be determined that the relator did not possess the business capacity necessary to discharge the duties of the position involved. On the other hand, it being conceded that he is an honorably discharged Union soldier, it may be clearly shown that he possessed the requisite qualifications for the office in question. If so, he had a legal right, under the constitution of the state and chapter 821, Laws 1896, to the appointment he sought.

We are of opinion that the doctrine enunciated in People v. Goetting, 133 N. Y. 569, 30 N. E. 968, and People v. Brush, 146 N. Y. 60, 40 N. E. 502, does not conflict with the views above expressed. Those cases determined that a mandamus could not be granted upon the application of one claiming title to an office for the purpose of determining the validity of his claim where there is a serious question in regard thereto, and another person is holding and exercising the functions of the office. In both the cases cited, the application was for a peremptory mandamus only, and not for an alternative writ. In that regard, they differ from the case under consideration. Again, People v. Goetting, supra, was decided prior to the enactment of chapter 716, Laws 1894; and in People v. Brush, supra, the construction to be given chapter 716, Laws 1894, was not involved or considered. But if those

cases could be deemed applicable to this, under the papers before us, it cannot be determined that there is a serious question as to the qualifications of the relator until after a trial or an alternative writ of mandamus. The alternative writ being granted, and a trial had, it will appear whether or not there is any serious question as to the right of the relator to the office in question. Before a trial the question cannot be determined. We think that under the provisions of chapter 821, Laws 1896, when an honorably discharged Union soldier applies for an office, and his application is denied, on a proceeding by mandamus the question of his qualifications for the office involved may be tried in the proceeding, although it involves a disputed question of fact, and that the determination of the court or jury has the same effect as a finding or verdict in any other action. But, if this view is not correct, the relator was entitled to an alternative writ to determine whether in fact there was any serious question as to his qualifications for the office of street and water commissioner of the village of Ballston Spa.

We are referred to People v. Rupp, 90 Hun, 145, 35 N. Y. Supp. 349, 749. That was a case where an alternative writ had been issued and a trial had. The relator was an applicant for the position of assistant sealer of weights and measures of the city of Buffalo. Two were to be appointed. The trial court found:

"That the board of police did not appoint the relator, but did appoint two other persons, who duly qualified and were incumbents of the office; that neither of them was an honorably discharged Union soldier; that each of them had qualifications for the performance of the duties of the office superior to those of the relator; and that such superior fitness was the inducement for their selection by the board in preference to the appointment of the relator."

Judge Bradley, in his opinion, remarked:

"The question of his appointment involves the consideration of the right to the office, and, unless the latter is clear, the writ of mandamus is not the appropriate remedy to enforce the former."

The case was decided prior to the enactment of chapter 821, Laws 1896, and hence the case cannot be deemed applicable to that under consideration. It will be seen that the provision contained in the act of 1896, making a refusal by an appointing power to allow the preference provided for by the act a misdemeanor, is not contained in the act of 1894, which was considered in the case cited; and, although the last-named act gave an applicant whose preference as an honorably discharged Union soldier was not allowed "the existing right of mandamus," it omitted the words contained in the act of 1896, "for righting the wrong." But conceding that the authority in question is applicable to this case, and that the construction therein given to the act of 1894 is correct, nevertheless, an alternative writ being granted and a trial had, as in People v. Rupp, it may be determined that the right of relator to the office in question is clear. He may prove the truth of the allegations contained in the moving papers. He is an honorably discharged Union soldier. On a trial there may be no serious question as to his qualifications for the office of street and water commissioner.

The order should be reversed, with $10 costs and disbursements, and the application for an alternative mandamus granted, with $10 costs. All concur.