(33 Misc. Rep. 555.)

### ALLAIRE v. KNOX et al. *

(Supreme Court, Special Term, New York County. January, 1901.)

1. CIVIL SERVICE—VETERANS—PHYSICAL ABILITY—FINDING OF FACT—REVIEW.
   Under Civil Service Law (Laws 1899, c. 370, § 20), giving veteran soldiers and sailors preference in appointment and promotion, providing their qualifications and fitness shall have been duly ascertained, the commissioners' finding of fact that an applicant was not physically fit to perform the duties of a position to which he wished to be promoted will not be reviewed on application for mandamus to compel the preference provided by the statute.

2. SAME—PREFERENCE—MANDAMUS TO COMPEL.
   Civil Service Law (Laws 1899, c. 370, § 20) gives veteran soldiers and sailors preference in appointment and promotion, provided their qualifications shall have been duly ascertained. It further states that persons thus preferred shall not be disqualified from holding any position in the civil service by reason of age or physical disability, provided these do not render him incompetent; and gives him a remedy by mandamus for refusal to allow the preference. *Held*, that a veteran who, in qualifying for promotion under the civil service rules, had been found physically unfit for promotion, was not entitled to mandamus to compel such preference.

Motion by Anthony J. Allaire against Charles H. Knox and others for an alternative writ of mandamus. Denied.

Andrew D. Parker, for petitioner. ·

Theodore Connoly and W. B. Crowell, for respondents.

BISCHOFF, J. The petitioner, a veteran of the Civil War, and holding the position of captain of police, made application for examination in order that he might qualify, under the civil service rules, for promotion to the rank of inspector. As a result of this examination, he was given the rating "zero" for physical fitness, and therefore, notwithstanding his qualifications in other respects, he was necessarily barred from the eligible list by the force of rule 23 of the municipal civil service rules. Upon appeal to the commissioners from the finding of the examining officer, the appeal "was considered and denied," according to the exhibits annexed to the moving papers, and the petitioner now seeks a review of the facts by way of an alternative writ of mandamus. The main ground of attack appears to be based upon the alleged fraud of the medical examiner, which ground was not stated by the petitioner upon his appeal to the commissioners; but, since this was well within the scope of the appeal allowed by the rules (rule 27), the petitioner's case for a mandamus is not to be strengthened through his omission to avail himself of his remedy by appeal, and, no fraud of the commissioners being charged, I must view the situation as one involving the performance of duty by ·them, irrespective of the motives which may have actuated the examining officer. The inquiry has to do, then, with the propriety of the finding by the commissioners that the petitioner was not fit, physically, to perform the duties of the position to which he asserted himself eligible; but, under the statute applicable to the present situation, I must hold that the authorities oppose a review by the court of this question of fact. By the constitution, veterans are accorded the right to a preference in appointment and promotion in the civil service, and this right has been made the basis of statutes designed to carry the constitutional provision into effect; the statute now in force being chapter 370 of the Laws of 1899. Neither by this action, however, nor by the earlier civil service law of 1894 (chapter 716), may the veteran have an absolute preference, irrespective of his fitness to perform his duties, and, except as changed by the force of a certain statute,—to which I shall refer,—the rule has uniformly been declared that the actual or relative fitness of such an applicant for employment or promotion is to be finally determined by the officer or officers charged by law with the selection, when acting within the lawful scope of their duties. People v. Village of Little Falls (Sup.) 8 N. Y. Supp. 512, 960; People v. Morton, 148 N. Y. 161, 42 N. E. 538; People ex rel. Hoyt v. Board of Trustees of Village of Balston Spa, 19 App. Div. 570, 46 N. Y. Supp. 564, and cases cited. This rule was changed by an amendment of the civil service law of 1894, the amendatory act being chapter 821 of the Laws of 1896. The effect of this amendment was considered in People ex rel. Hoyt v. Board of Trustees of Village of Balston Spa, supra, and the conclusion reached that the legislature intended to provide for a

review, in a mandamus proceeding, of the finding made by civil service commissioners relative to the competency of a veteran. The act in question, after providing for the preferment of veterans, no matter if physically impaired, "provided they possess the business capacity necessary to discharge the duties," then proceeded to declare that "a refusal to allow the preference provided for in this act * * * shall be deemed a misdemeanor, and such honorably discharged soldier * * * shall have a right of action therefor in any court of competent jurisdiction for damages, and also a remedy by mandamus for righting the wrong. The burden of proving incompetency or misconduct shall be upon the party alleging the same." The last sentence, as quoted, together with the provision for "a remedy by mandamus," impressed the court in the Hoyt Case with the legislative intent that the question of fact as to competency should thus be open to review. Thereafter was enacted the civil service law of 1899, which in terms repealed the amendatory act of 1896, and covered the same subject, but in a very different form, and, I think, with the obvious result of closing the door to the inquiry authorized by the act repealed. The matter applicable to veterans is contained in section 20 of the law of 1899, and, while a preference is thus assured to them, as in the words of the act of 1896, the very significant condition is added, "Provided, their qualifications and fitness shall have been ascertained as provided in this act and the rules and regulations in pursuance thereof." Again, it is to be noted that the section refers to the right to a preference "whenever any list of eligible persons, prepared under authority of this act, shall contain the names of honorably discharged soldiers," etc., and, while a "remedy by mandamus" is given for "a refusal to allow the preference provided for," the provisions of the act of 1896 touching the proof of incompetency or misconduct have been omitted. I can only construe the statute, therefore, as recognizing the right to a mandamus for the purpose of compelling the preference to which a veteran is entitled, when that preference has been refused him, notwithstanding his eligibility, as demonstrated by a successful examination. It is to be assumed that the legislature, when repealing the act of 1896, did so with due consideration of the judicial construction placed upon it, and I must infer that the intention was to leave the question of a review of the commissioners' determination as to the applicant's fitness in the same position as before the enactment of that statute. The result is that the finding of this petitioner's physical unfitness cannot be disturbed in this proceeding, and, since that finding excludes him from the eligible list for all purposes (rule 23), the further question raised as to whether the commissioners properly examined his record for the purpose of his comparative rating as to other matters becomes immaterial. His record had no bearing, under the rules, upon the outcome of the physical examination (rule 54), and his comparative rating was of importance only to his position upon the eligible list, if admitted thereto; but the result of the physical examination was to exclude him from that list, as I have said, by the force of the rule, to which the statute gives the force of law. Motion denied, but without costs.

Motion denied, without costs.