ALLAIRE v. KNOX et al., Com'rs.

(Supreme Court, Appellate Division, First Department. June 7, 1901.)

1. CIVIL SERVICE APPOINTMENTS—EXAMINATION—MANDAMUS.

Civil Service Law (Laws 1899, c. 370) §§ 13, 15, 18, require employment or promotion in the classified service to be based on open, competitive examination. Civil Service Rule 28 requires applicants for position of policeman to receive 70 per cent. on mental examination, and declares applicants receiving zero in any subject ineligible. *Held*, that where an applicant for promotion to the position of inspector in the police department had fallen below the 70 per cent. required on mental examination, and had received zero in the physical examination, on account of disabilities arising from age, mandamus would not lie to compel the medical examiner to cancel his report on the ground that it was false, and to certify that the applicant was physically qualified.

2. SAME—VETERANS.

Such application would not lie under Civil Service Law (Laws 1899, c. 370) § 20, entitling honorably discharged soldiers to preference "without regard to their standing on any list from which appointment or promotion might be made," providing their qualifications shall have been ascertained, and that the person thus preferred shall not be disqualified on account of age, provided it does not render him incompetent, since the applicant, by his failure to pass the examination, was not on a list from which the appointment could be made.

Appeal from special term, New York county.

Application by Anthony J. Allaire for a writ of mandamus against Charles H. Knox and others, civil service commissioners, to compel defendants to appoint plaintiff to the position of inspector in the police department. From an order denying a motion for a peremptory writ (68 N. Y. Supp. 889), plaintiff appeals. Affirmed.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

C. S. Wells, for appellant.

Theodore Connoly, for respondents.

INGRAHAM, J. The appellant, a police captain of the city of New York, applied for promotion to the position of inspector in the police department, and, with two other police captains, entered into a competitive examination for that position. Upon his police record for meritorious services he received 85 per cent.; upon his mental examination he received 62.75 per cent.; but he failed to pass the physical examination, and thus, under the rules of the civil service board, he received a rating of "zero," and was not eligible to promotion. He alleges that he is a veteran of the Civil War, and as such is entitled to preference; that at the time of the physical examination he was in every respect physically competent to perform the duties of such position, and neither his age nor any physical disability whatsoever rendered him incompetent to perform the same, and that it thereupon became the duty of Augustus H. Brown, the-

medical and physical examiner, to find and report to that effect to the municipal civil service commissioners, and so to find and report that he was duly physically qualified for promotion to said position, but that the said Augustus H. Brown, notwithstanding the premises and his duty thereupon so as aforesaid to find and report, did not so find and report, but, on the contrary, arbitrarily, without any evidence thereto, and contrary to the evidence and to all the facts existing and observed by him, and not in good faith, found and reported that the petitioner was' not physically competent to perform the duties of the said position of inspector of police, and so was not physically qualified for promotion to such position; and that solely in consequence thereof the said municipal civil service commissioners did not find the petitioner to be duly physically qualified for the position of inspector of police, but, on the contrary, found that he was disqualified for said position, and omitted and refused to direct the placing of his name upon the eligible list. And the petitioner asks for a peremptory writ of mandamus directing the said Augustus H. Brown, as medical and physical examiner, forthwith to cancel, reverse, and annul the finding and report heretofore made by him to the said municipal civil service commissioners that the petitioner is physically incompetent to perform the duties of the position of inspector of police, and so is not duly physically qualified for promotion to the said position, and in the place thereof to write and sign a finding and report that the petitioner is physically competent to perform the duties of the said position, and so is physically qualified for such promotion. In answer to this application, it appeared that three captains of police submitted to the examination for the position of inspector; that they were physically examined by the medical examiner, who reported in regard to the petitioner that, on account of his age and by reason of his physical disability, he was incompetent to perform the duties of the position applied for; that subsequently, on the application of the petitioner, the civil service commission ordered the medical examiner to re-examine him; that such re-examination took place on March 28, 1900, which resulted in the petitioner's rejection on account of physical disability; that by rule 28 of the civil service rules and regulations it is provided that "no applicant for the position of fireman or policeman who receives on a mental examination an average of less than seventy per cent., and on the physical qualifications less than seventy per cent., shall be placed upon the eligible list. No applicant receiving zero in any one subject shall be placed upon the eligible list;" and that, in consequence of the physical examination of the petitioner resulting in zero, he was not eligible to promotion. From the report of the medical examiner, it appeared that the petitioner, with two other captains, submitted himself for examination; that the result was that the petitioner, on account of his physical disability, was found incompetent to perform the duties of the position applied for; that the petitioner appealed, and the board directed another examination; that on this re-examination the medical examiner confined himself to the test of the past examination referred to, when competitors for foreman in the fire department were examined; that upon the

physical examination he found evidence of senile changes in the petitioner's heart, diminished vision, and slight thickening of the arteries. It also appeared that the petitioner was appointed an acting inspector by the chief of police on November 24, 1896, and that he acted in such capacity to October 13, 1897; that on February 7, 1896, he applied for promotion, when upon an examination he failed to obtain 70 per cent., which was the minimum on which a man could secure a place on the eligible list; that upon such examination he received 68.05 per cent.; that on July 24, 1896, he again took part in a competitive examination for promotion, and again failed to secure a rating of 70 per cent., but did obtain a rating of 68.26 per cent. It appeared from the affidavit of Augustus H. Brown, the medical examiner, that the petitioner's eyesight was deficient and impaired, this being the natural result of old age; that his heart when he was resting quietly was more rapid than normal, and after exertion became still more rapid; that there was some thickening of the arteries; that all of those indications plainly showed senile changes, and that as a result of this examination the medical examiner was of the opinion that if the petitioner were put to any severe test, such as frequently falls to the lot of an inspector of police, it would be most disastrous to him; and that according to his own statement the petitioner is 71 years of age. The petitioner in reply insists that he is physically competent to perform the duties of the office of inspector of police.

The fact that the petitioner, being upward of 71 years of age, having a weak heart and thickening of the arteries, and showing signs of senile decay, failed to pass the physical test imposed by the rules for promotion in the department, being undisputed, the question is whether, upon his mere statement that he is competent to perform the duties of the position to which he seeks to be appointed, he is entitled to have this determination of the examiners appointed to conduct the competitive examination reversed. The law requires for promotion a competitive examination. Upon this is based the whole system of appointment and promotion in the civil service of the state, and the duty of conducting such examination is by law imposed upon the commissioners and examiners duly appointed for that purpose. There is no law which requires commissioners or examiners conducting such competitive examinations to abrogate the rules under which such examinations are conducted, in favor of veterans or of any other class of citizens; nor are examiners required to violate their duty, and report a veteran or any other citizen who submits himself to a competitive examination as competent for the position, when his examination shows that he is not competent. The appointment and promotion to the civil service of the state are now regulated by the civil service law (chapter 370, Laws 1899). Section 13 of the act provides:

"No person shall be appointed or employed under any title not appropriate to the duties to be performed, and no person shall be transferred to, or assigned to perform the duties of, any position subject to competitive examination, unless he shall have previously passed an open competitive examination equivalent to that required for such position, or unless he shall have served with fidelity for at least three years in a similar position."

Section 15 provides that:

"Vacancies in the positions in the competitive class shall be filled, so far as practicable, by promotion from among persons holding positions in a lower grade in the department, office or institution in which the vacancy exists. Promotions shall be based upon merit and competition and upon the superior qualifications of the person promoted.as shown by his previous service, due weight being given to seniority."

Section 18 provides that:

"No person shall be appointed to or employed in any position in the classified service of the state, or of any city or civil division thereof for which rules have been prescribed pursuant to the provisions of this act, until he has passed an examination or is shown to be especially exempted from such examination in conformity with such rules and the provisions of this act."

These provisions show a distinct intention to prohibit the appointment to any position in the competitive list except after a competitive examination, and to restrict the appointment to such office to those who have passed such a competitive examination. In the nature of things, the commissioners and those acting under their authority in conducting such examination are the persons vested with authority by the statute to determine the result of a competitive examination; and certainly no applicant for an office who is dissatisfied with the determination of these officers, upon whom is imposed the duty of determining the relative merits of those submitting themselves for examination, can ask the court to conduct a re-examination, and to reverse the action of such examiners. The examination is by statute required to be competitive, and the whole basis upon which a competitive examination rests would be swept away if one person who had failed upon such an examination were allowed to prove in court or before a jury that his rating should have been different from that awarded to him. Nor does the preference allowed to honorably discharged soldiers justify such an application. Such a preference depends upon the provisions of section 20 of the civil service act. By that section, honorably discharged soldiers are "entitled to preference in appointment and promotion without regard to their standing on any list from which such appointment or promotion may be made, provided their qualifications and fitness shall have been ascertained as provided in this act and the rules and regulations in pursuance thereof; and the persons thus preferred shall not be disqualified from holding any position in the civil service on account of his age or by reason of any physical disability, provided such age or disability does not render him incompetent to perform the duties of the position applied for." The preference here given is "without regard to their standing on any list from which such appointment or promotion may be made." The preference, therefore, is only to be given when a veteran's name appears upon a list from which an appointment can be made, and then only when his qualifications and fitness shall have been ascertained as provided for in the act and the rules and regulations in pursuance thereof. This petitioner never was upon such a list. Three times he has applied for promotion, three times he has submitted to an examination, and three times he has failed to obtain a position upon the list from which promotion could be made. He never was, therefore, eligible to appointment under the

express provisions of the civil service law, and never was entitled to the preference provided by the statute. It is for a refusal to allow this preference provided for that a veteran may have a remedy by mandamus. Section 21 of the act only provides for a dismissal from office held by a veteran, and has no relation to an original appointment. In none of the cases relied upon by the petitioner is. this question presented. The case of People v. Trustees of Ballston Spa, 19 App. Div. 567, 46 N. Y. Supp. 564, was not a case of an office to be filled as a result of a competitive examination.

I think, therefore, that upon the undisputed facts the court could not review the action of the respondents, and that the relator was. not entitled to any preference, as his name was never upon a list from which an appointment could be made. The court below therefore correctly refused to award either a peremptory or an alternative writ of mandamus.

The order appealed from should be affirmed, with $50 costs and disbursements. All concur.