(64 App. Div. 312.)

PEOPLE ex rel. DIXON v. SIMONSON et al.

(Supreme Court, Appellate Division, Second Department. October 4, 1901.)

1. APPEAL—FINDINGS OF FACT—DISTURBANCE.
   Where both parties to a proceeding ask for the direction of a verdict, and the court discharges the jury, and there is evidence to support findings of fact by the court, such findings will not be disturbed on appeal.

2. OFFICERS—VETERANS—PREFERENCE—RIGHT—WAIVER—NOTICE.
   Under Const. art. 5, § 9, providing that honorably discharged soldiers and sailors from the army and navy in the late Civil War, and who are citizens of the state, shall be entitled to preference in appointment and promotion, without regard to their standing on any list from which such appointment or promotion is made, such veterans will not be allowed the preference where they neglect to bring the fact that they are entitled to such special privilege to the notice of the appointing power.

3. SAME—DISCHARGE—REINSTATEMENT—MANDAMUS.
   A discharged office holder brought mandamus proceedings to compel his reinstatement, alleging that he was an honorably discharged veteran of the Civil War, and that he had not served in the Confederate army or navy. Held, that a writ of mandamus would not issue, since it was not shown that the relator was a citizen and resident of the state.

Appeal from special term, Queens county.

Mandamus by the people, on the relation of James Wyllys Dixon, against F. De Haas Simonson and others, composing the school board of the borough of Queens. From an order dismissing an alternative writ, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Joseph Fitch, for appellant.
William J. Carr (James T. Malone, on the brief), for respondents.

WOODWARD, J. The relator seeks to be reinstated in the position of clerk to the school board of the borough of Queens, from which he was removed on the 28th day of December, 1898. The writ was issued on the 21st day of July, 1899, and the return thereto, rais-

ing questions of fact, was filed in the month of August, 1899. In June, 1900, the issues thus raised were heard at trial term in Queens county before the court and a jury, and at the close of the evidence both parties moved for a direction of a verdict on the facts. The learned court thereupon discharged the jury, and reserved decision, which was subsequently rendered, dismissing the writ. The relator appeals to this court, and asks for a reversal of the order upon the ground that the decision that relator was a clerk in the office of the secretary of the school board, and his position was abolished in good faith for reasons of economy, is against the evidence, and that the conclusions of law thereupon are unwarranted.

There is certainly evidence to support the findings of fact made by the court, and, both parties having requested that the court determine the facts by asking for the direction of a verdict, the conclusion will not be disturbed in this court. We should be entirely willing to adopt the opinion of the learned court below, and we do adopt it in so far as it relates to the merits of this particular case; but it seems proper, in view of the large number of similar cases, and the divergent rules which are being developed, to call attention to the fact that the so-called "veteran acts" constitute an exception to the general policy of the state, which declares that "when the duration of any office is not provided by this constitution it may be declared by law, and if not so declared, such office shall be held during the pleasure of the authority making the appointment" (Const. art. 10, § 3), and that "appointments and promotions in the civil service of the state, and of all the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive" (Id. art. 5, § 9). The spirit of the constitution demands an exact equality before the law (Id. art. 1, § 1), but the people of this state, in their high sovereign capacity, have made a proviso, limiting the general rule above stated in reference to civil service appointments, by adding the following clause: "Provided, however, that honorably discharged soldiers and sailors from the army and navy of the United States in the late Civil War, who are citizens and residents of this state, shall be entitled to preference in appointment and promotion, without regard to their standing on any list from which such appointment or promotion may be made" (Id. art. 5, § 9). It seems to us entirely clear that, if individuals intend to avail themselves of the privileges of this proviso; if they intend to take advantage of a special rule made for their protection,—that they owe it to the appointing power and to the state to give notice of the fact, and to show that they come within the proviso. It is perfectly true, as suggested by the court in Stutzbach v. Coler (Sup.) 70 N. Y. Supp. 901, that the relator has a constitutional right to preference in appointment or promotion on showing that he is within the exceptions to the general rule, but we cannot believe that it was the intention of the constitution makers of 1894 to provide that veterans of the late Civil War should be allowed this preference where they had neglected to bring to the notice of the appointing power the fact that they were entitled to this special privilege. The

granting of a special privilege by the state to a particular class of citizens carries with it, by fair implication, the duty on the part of the individual to show that he is within the provision, if he is to be given its benefits; and he ought not to be allowed to hold a position apparently upon the same basis as his fellow employés, and, when dismissed from his place, to be allowed to show that he is within the proviso, any more than a suitor would be allowed to show that he was within the proviso of a statute without having pleaded the same. Rowell v. Janvrin, 151 N. Y. 60, 67, 45 N. E. 398, and authorities there cited. Any other rule must tend to encourage litigation, and to interfere with the efficiency and economy of the public service. It is true that a preference in appointment and promotion is a constitutional right, which cannot be taken from the individual; but the rule is well established that a party may waive a rule of law or a statute, or even a constitutional provision enacted for his benefit or protection, where it is exclusively a matter of private right, and no considerations of public policy or morals are involved (Sentenis v. Ladew, 140 N. Y. 463, 466, 35 N. E. 650, 37 Am. St. Rep. 569, and authorities there cited; Mayor, etc., of City of New York v. Manhattan Ry. Co., 143 N. Y. 1, 26, 37 N. E. 494, and authorities there cited); and, having once done so, he cannot subsequently invoke its protection. It seems to us that it is imposing no harsh rule to insist that, where the individual is given a special privilege over other citizens of the state, he shall give notice of the facts which bring him within the provisions of the law to the appointing power or authority, and that a failure to do so until after the appointing officer shall have acted shall constitute a waiver of such special privilege. No consideration of public policy or morals is involved. The state, as a special mark of its gratitude, has waived a point in its public policy in behalf of a class of individuals; and, if they do not see fit to bring themselves within its protection in a timely manner, consistent with the dignity and efficiency of the public service, the courts ought not to be called upon to restore them to rights which they may, in fairness, be said to have waived.

In the case now before us there is some evidence that one of the respondents knew in a general way that the relator was a veteran of the Civil War; but the statute and the constitution require more than this. They require that he shall have been honorably discharged, that he shall not have served in the Confederate army or navy, and that he shall be a citizen and a resident of this state. While the relator, in his letter to the school board of the borough of Queens on the 8th day of February, 1899,—over a month after his dismissal,—alleges that "I hold an honorable discharge from the United States military service, dated July 20, 1865, after having served on the field as aide de camp on the staff of Major General H. G. Wright, commanding the 6th army corps of the army of the Potomac, with rank of first lieutenant, during the war of the Rebellion," it nowhere appears in his letter that he had not served in the Confederate army or navy, or that he was a citizen of the state of New York, and a resident therein; and there is no suggestion in his moving papers that any of the facts in relation to his standing as

a veteran were known to the appointing power at the time of his removal. It was not until this proceeding was instituted that we find all of the allegations required by the statute to entitle him to preference, and even now there is a lack of the allegations necessary to bring him within the provisions of section 9 of article 5 of the constitution, for it is not alleged that he is a citizen and a resident of the state of New York, which is one of the conditions necessary to bring him within the constitutional protection. The determination of the facts in this case is sufficient to justify the disposition of the case made by the court at trial term, but, independently of the issues raised before the jury, and subsequently decided by the court at the request of the parties, we are of opinion that the relator did not show facts which brought him within the provisions of the constitution, which is alone competent to give him a preference over other citizens of the state in appointment and promotion in office; and that the writ of mandamus was properly denied.

The order appealed from should be affirmed, with costs. All concur.

