PEOPLE ex rel. PLATTO v. SAGUE et al.

(Supreme Court, Appellate Division, Second Department. January 24, 1902.)

1. MUNICIPAL CORPORATIONS—CIVIL SERVICE STATUTES—PUBLIC OFFICERS—TERMS.

Laws 1900, c. 659, taking effect April 25, 1900, making the term of office of the board of police commissioners of the city of Poughkeepsie to expire April 30, 1900, did not amend City Charter, § 17, providing that every officer shall hold over until his successor shall be chosen and qualified; and therefore the action of the board after April 30th, but before the appointment or qualification of successors, in dismissing plaintiff from the police force for due cause, was valid.

2. SAME—CERTIORARI—RETURN

Where the return to a writ of certiorari to review proceedings removing plaintiff from the police force was defective in not setting forth the

rule for the violation of which plaintiff was removed, but it appeared that he was assigned to patrol duty, which he refused to perform, and that the power to require performance of such duty was expressly conferred on the police board removing him, the writ should be dismissed.

Certiorari by the people, on the relation of William Platto, to review the proceedings of John K. Sague and others, constituting the board of police of the city of Poughkeepsie. Dismissed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Morschauser & Wood, for relator.
Martin Heermance, for respondents.

HIRSCHBERG, J. The writ of certiorari was granted upon the ground that the relator was a veteran of the Civil War, and as such irremovable. But he has not brought himself within the requirements of the recent decision of this court in People v. Simonson, 64 App. Div. 312, 315, 72 N. Y. Supp. 84, with respect to service in the Confederate army and navy. It appears that he voluntarily, although informally, relinquished the office of chief of police, and became a member of the force in the ranks, subject to all the obligations incident to that position. He was assigned for a time to duty at the recorder's court at his own request, but he had no right to permanent occupation there, either by law or under any valid agreement. When ordered to do patrol duty, he refused, as he admits, and after a trial was dismissed from the force by the board of police for insubordination, under the authority conferred by the city charter. Chapter 425, Laws 1896, § 141, subd. 8.

The trial and dismissal occurred on the 11th day of May, 1900. By chapter 659, Laws 1900, which took effect April 25th of that year, the term of office of the commissioners constituting the board by which he was tried was made to expire on April 30, 1900, and the point is made that they were without jurisdiction. But the act of 1900 does not appear to amend section 17 of the charter, which provides that every officer shall hold over until his successor shall be chosen and qualify, and the acting board remained in office pursuant to that section. Moreover, the relator in his petition asserts that the successors to the commissioners by whom he was removed were not appointed until on or about May 12, 1900, and states that such commissioners constituted on May 11, 1900, "the then police board of the city of Poughkeepsie."

The return is defective in not setting forth the terms of section 7 of the rules which the relator was charged with violating, but it clearly appears that he was regularly assigned to patrol duty by resolution of the board, and that he willfully refused to submit to the authority or to obey the direction. The power to require him to perform such duty is incident to the powers conferred upon the board by the express terms of the charter and to the subordinate position which he then occupied, and his dismissal from the force was essential to efficiency and the maintenance of discipline.

It follows that, independently of the relator's status as a veteran, the removal was for cause, after a fair trial, and the writ should be dismissed, without costs. All concur.