(79 App. Div. 149.)

PEOPLE ex rel. HAMILTON v. STRATTON et al.

(Supreme Court, Appellate Division, Second Department. January 23, 1903.)

1. CIVIL SERVICE—APPOINTMENTS—VETERAN—PREFERENCE — QUALIFICATION—
   CONCLUSIVENESS OF CERTIFICATE OF EXAMINERS.
   Under Laws 1899, c. 370, vesting in the civil service examining board the power of determining the fitness of applicants for appointment, and section 20, providing that "veterans shall be entitled to preference in appointment, provided their qualifications and fitness shall have been ascertained as provided in this act," where, after an open competitive examination for the office of clerk of a board of water commissioners of a city, the examiners certified the names of three persons, including one veteran, as constituting the eligible list, such certificate was conclusive as to the qualification and fitness of the veteran; and the fact that the board of water commissioners considered him unfit because, when city clerk, some years before, he kept the books of account in a confused and improper manner, did not justify their refusal to appoint him.

2. SAME—APPOINTING POWER—LIMITATIONS—CONSTITUTIONAL LAW.
   Const. art. 5, § 9, provides that the merits and fitness of candidates for appointment shall be ascertained by civil service examinations, so far as practicable. Laws 1899, c. 370, § 20, declares, in the language of the constitution, that veterans "shall be entitled to preference in appointment without regard to their standing on any list from which such appointment may be made," provided their qualification and fitness shall have been ascertained as provided in such act. Held to only qualify the power of appointment vested in local authorities by Const. art. 10, § 2, within limits prescribed by the constitution itself.

3. SAME—VETERAN—NOTICE OF RIGHT TO PREFERENCE.
   Where the civil service commissioners certify an eligible list of persons for an appointment, certifying that one is a veteran, such certificate sufficiently advises the appointing power of his right to a preference in appointment.

4. SAME—APPLICATION FOR APPOINTMENT.
   Since the repeal of Laws 1896, c. 821, which required applications for appointment as veterans to show that the applicant did not serve in the Confederate army or navy, by Laws 1899, c. 370, such fact need not appear on the application.

Appeal from special term, Orange county.

Application for mandamus by Evander M. Hamilton against William D. Stratton and others, constituting the board of water commis-

sioners of the city of Middletown, and another, to compel the appointment of relator to the office of clerk of such board. From an order directing such appointment, the board of water commissioners appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, and HIRSCHBERG, JJ.

Thomas Watts, for appellants.

Henry W. Wiggins, for respondent.

HIRSCHBERG, J. The office of clerk of the board of water commissioners of the city of Middletown is created by section 179 of the revised charter of that city (chapter 572, Laws 1902). By that section the duty of appointing the clerk is vested in the board, and such clerk is required, in addition, to certain specified duties, to do and perform all such other duties as shall be prescribed by the board, and also to execute to the city such bond, and upon such conditions, as the board may require. The office had been designated as one in the competitive class by the municipal civil service commission of the city, to be filled in accordance with the provisions of the civil service law (chapter 370, Laws 1899). A vacancy existing by reason of the resignation of a former clerk, an open competitive examination was had of applicants for the place; and on the 21st of June, 1902, the commission duly certified to the board of water commissioners the names of three persons as constituting the eligible list, and further certified the relator as a veteran. The relator was a veteran soldier of the army of the United States in the Civil War, honorably discharged, and a citizen and resident of the state, and he duly claimed the preference due to his standing as such in his application for examination. The others on the list are not veterans, but the board appointed one of them to the position; and by the proceeding now under review they are required to annul that appointment, and to give the position to the relator. The proceedings are instituted against both the board and the appointee, and no question is raised but that mandamus is the proper remedy.

The main contention on the part of the appellants is that the relator is not competent to fill the place. The hearing was upon the return of an order to show cause why the writ should not issue, and the members of the board made affidavit to the effect that some years ago the relator was the city clerk, and that he kept the books of account in a confused and improper manner, and that they therefore deem him unfit for the present employment. The answer is not a sufficient one to the relator's application, the determination of the civil service commission after the competitive examination being conclusive as to the fitness for the appointment in so far as regards the competency of the applicant to perform the duties. It is true that under former civil service laws the question could be raised in the mandamus proceedings that the relator seeking a position was incompetent, the burden of proof being upon the party or parties by whom such incompetency was asserted. See chapter 716 of the Laws of 1894, and chapter 821 of the Laws of 1896. Under these stat-

utes it was held in People v. Trustees of Village of Ballston Spa,
19 App. Div. 567, 46 N. Y. Supp. 564, that a veteran who was re-
fused an appointment to office for alleged incompetency was entitled
to an alternative writ for the determination of whether any serious
question existed as to his qualifications. By chapter 428 of the Laws
of 1897 it was provided that the merits of applicants were to be de-
termined by the civil service commissioners or examining board,
while their fitness should be determined by some person or board
to be designated by the person holding the power of appointment,
and by section 7 all acts and parts of acts inconsistent therewith
were repealed. By the existing civil service law (chapter 370, Laws
1899), all three laws have been repealed, and the power is accord-
ingly vested in the examining board of determining the fitness of
the applicant for appointment in the first instance. By section 20
of that act it is expressly provided (following the language of the
constitution) that veterans "shall be entitled to preference in appoint-
ment and promotion without regard to their standing on any list
from which such appointment or promotion may be made, provided
their qualifications and fitness shall have been ascertained as pro-
vided in this act and the rules and regulations in pursuance thereof."
As the law confers upon the civil service commissioners the duty of
ascertaining the fitness of the applicants by examination, it must
be held that the repeal of the provisions permitting a judicial investi-
gation of the applicant's qualifications, on refusal to appoint, operates
to render the right to a preference imperative upon the appointing
power, so far as concerns the fitness of the applicant to discharge
the duties of the position. Upon the question of the power to re-
move for subsequently demonstrated unfitness, no opinion is called
for or expressed. In this connection it is to be noted that the law
does not contemplate the securing of the most competent officer.
As was said in reference to employés by Mr. Justice Hatch in Re
Stutzbach, 62 App. Div. 219, 225, 70 N. Y. Supp. 901:

"It is quite possible that the veteran might not be as efficient as some other
employé. * * * The law itself contemplates that the veteran may not
be as efficient as the other persons, and yet be able to perform the duties
which devolve upon him. The fact was recognized that he might not be
the most efficient employé, because his appointment was preferred without
regard to his standing upon the list, and the whole purpose of the law took
this fact into consideration, and expressly excluded his being rejected for such
reason."

The case last cited was affirmed by the court of appeals. Stutz-
bach v. Coler, 168 N. Y. 416, 61 N. E. 697.

That the change noted in the civil service law was designed to
prevent the review by the courts in mandamus proceedings of the
qualifications of the candidate was expressly held in the case of Al-
laire v. Knox, 33 Misc. Rep. 555, 68 N. Y. Supp. 889; the repeal
of the provisions as to proof of incompetency having, as was said by
Mr. Justice Bischoff (page 557, 33 Misc. Rep., and page 891, 68
N. Y. Supp.), "the obvious result of closing the door to the inquiry
authorized by the act repealed." He accordingly construed the ex-
isting statute "as recognizing the right to a mandamus for the pur-
pose of compelling the preference to which a veteran is entitled, when

that preference has been refused him notwithstanding his eligibility, as demonstrated by a successful examination"; and the case was affirmed at the appellate division (62 App. Div. 29, 70 N. Y. Supp. 845) and in the court of appeals (168 N. Y. 642, 61 N. E. 1127).

There is nothing in the case of People ex rel. Balcom v. Mosher, 45 App. Div. 68, 61 N. Y. Supp. 452, affirmed in 163 N..Y. 32, 57 N. E. 88, 79 Am. St. Rep. 552, in necessary conflict with the views herein expressed. There the question arose as between two veterans certified upon the eligible list, and it was held that the civil service law and the rules of the service, in so far as they compel the appointment of the person highest graded on the list are not necessary to carry into effect either the letter or spirit of section 9 of article 5 of the constitution, and that the law in that respect is unconstitutional, as a limitation upon the power of appointment conferred by section 2 of article 10. Here the question relates only to the right of preference, which the constitution guaranties to the veteran over others, without regard to his relative standing upon the list.

The statement in this opinion that the fitness of the applicant to discharge the duties of the position is determined by the fact that his name is on the eligible list assumes, of course, the validity of the legislation by which the ascertainment of such fitness is delegated to the examining board. Certainly there is nothing in the Balcom Case, supra, which suggests that such fitness may not lawfully be determined by a civil service examination. Section 9 of article 5 of the constitution expressly provides that the merit and fitness of candidates for appointment shall be ascertained by civil service examinations, so far as practicable, and the duty is enjoined upon the legislature of passing laws for the enforcement of this section. .Civil service regulations existed in this state by virtue of legislative enactment for many years prior to the constitution of 1894, and it has never been doubted that the people, by whom the power to make appointments is conferred upon the local authorities, could lawfully require that such power should be exercised in obedience to the results obtained in open competitive examinations, rather than in response to the dictates of partisanship and favoritism. In Re Stutzbach, supra, Chief Judge Parker said (page 421, 168 N. Y., and page 698, 61 N. E.):

"When a list is made up of persons whose merit and fitness have been ascertained according to law, then such honorably discharged soldiers and sailors of the Civil War as appear thereon are entitled, under the constitution, to preference in appointment and promotion therefrom; but the legislature cannot dispense with the necessity of ascertaining the merit and fitness of all applicants for employment in the civil service, for the constitution safeguards the public service against all such attempts."

See, also, In re Keymer, 148 N. Y. 219, 42 N. E. 667, 35 L. R. A. 447.

It follows that the legislature, in providing by the civil service law for the ascertainment by the examining board of the qualifications and fitness of applicants for office, acted strictly in accordance with the terms and requirements of the constitution, and that, if the power of appointment vested in the local authorities under section 2

of article 10 of the constitution has been qualified thereby, it is a qualification limited by the constitution, and not by the legislature. The Balcom Case, however, dealt with a provision of law not sanctioned by the constitution, and which gave to the veteran highest graded on the eligible list a preference over his comrades. This provision was held to be unconstitutional, but there is no suggestion in the case that it is unconstitutional, in any sense, for the legislature to provide that the merit and fitness of applicants for public place shall be ascertained and determined by competitive examination, and certainly nothing suggestive of the theory that the preference given to veterans, irrespective of their standing on the list, is inconsistent with the power of appointment vested in the local authorities. Nor is it necessary to hold in this case that the freedom of selection existing in the appointing power is in any degree nullified by the constitutional requirements that veterans are entitled to a preference, and that the qualifications of applicants shall be determined by competitive examinations. It may be conceded that, with these two requirements in view, the appointing authorities may still exercise judgment and discretion in the making of a choice; but there is no pretense in the case at bar that such a choice was made in the selection of the appellant appointee as the most fit and competent of the persons on the eligible list, beyond the general assertion in the answering affidavit of the appellant commissioners that in his selection they believe that "they exercised sound judgment and discretion." The opposition to the writ is based altogether upon a denial of preference to veterans, and upon the assertion of the proposition that the opinion of the commissioners to the effect that the relator was an incompetent city clerk some years ago justifies them in ignoring the certificate of the examining board that he is now competent to discharge the duties of clerk of the board of water commissioners. Had that competency been assumed, and his right to preference as a veteran conceded, but another selected as more fit and competent, with due relation to such preference and ascertained competency on the relator's part, a different question would be presented, although whether a different result would be required upon appeal need not be determined.

The appellants were sufficiently advised, by the certification on the eligible list that the respondent was a veteran, of his right to a preference in appointment. No law requires that his service in the army or navy, and his honorable discharge, etc., shall be recited in full. In the rules adopted by the state commission the word "veterans" is defined as relating to "honorably discharged soldiers and sailors of the army and navy of the United States in the late Civil War who are citizens and residents of this state." See Collier, Civ. Service, p. 278. The relator, on his examination, passed slightly lower than the other two; that is, his percentage of rating was slightly less. Nevertheless he was placed first on the list, and denominated a veteran; and the board of water commissioners must be assumed to have understood that this was done because of his claim for a preference as a veteran, especially in the absence of any denial that they did so understand. Chief Judge Parker said in Stutzbach v.

Coler, supra (page 419, 168 N. Y., and page 697, 61 N. E.), speaking of the relator in that case:

"He had, however, served in the Union army during the War of the Rebellion, and was an honorably discharged soldier, of which fact the comptroller was in ignorance; but the relator contends in this proceeding, and rightly, as we think, that if, under the law of the state, he was entitled to be continued in employment as against other employés in his bureau who were not veterans, the fact that the comptroller was not advised of his right to preference does not deprive him of the right which the law affords him, for it is the fact of his being an honorably discharged soldier which entitles him to preference in employment, and not knowledge of that fact by the head of the department employing him."

The learned counsel for the appellants cites People ex rel. Dixon v. Simonson, 64 App. Div. 312, 72 N. Y. Supp. 84, as authority for the proposition that it must appear on the application that the relator did not serve in the Confederate army and navy. That requirement was contained in chapter 821 of the Laws of 1896, which was repealed, as I have said, by the present civil service law. The Dixon Case related to a removal in 1898,—the year before such repeal,—and while the legislative requirement was in force.

There was no denial of any material allegation contained in the relator's affidavit, and an alternative writ was therefore unnecessary.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.