THE PEOPLE OF THE STATE OF NEW YORK ex rel. PATRICK McCANNA, Relator, *v.* THE BOARD OF COMMISSIONERS OF CHARITIES AND CORRECTIONS OF THE COUNTY OF KINGS, Respondent.

*Brooklyn — abolition of the office of chief engineer by the commissioners of charities — authorized by section 4, chapter 284 of 1880 — such power is not taken away by chapter 129 of 1893.*

In proceedings taken by a writ of certiorari to review the acts of the respondent in abolishing the office of chief engineer of the board of commissioners of charities and corrections of the county of Kings, and in removing the relator from the office, although no charges have been preferred against him nor any trial

had, it appeared that the respondent, the board of commissioners, derived its authority to make the appointment in question from section 4 of chapter 284 of the Laws of 1880, which placed the creation and abolition of the office wholly in the discretion of the respondent; that in 1893 the Legislature passed a law applicable to Kings county and which provided, among other things, that the chief engineer should hold office during good behavior and should not be removed except for cause, after the preferring of charges, upon notice, and a trial thereof; that in September, 1895, the respondent, as alleged in the return, abolished the office of chief engineer for the reason that the care of the insane in the county was to be assumed by the State, and that the services of a chief engineer would no longer be necessary.

*Held,* that as the statute of 1893 did not create a public office, nor did it in terms create the position of chief engineer, the respondent had a right to abolish the office by virtue of the provisions of the act of 1880;

That the relator was concluded by the return as to the question of the good faith of the respondent in abolishing the office;

That the office of a writ of certiorari was to correct errors of a judicial character made by inferior courts and by special tribunals, exercising judicial powers, and that the writ would not lie to review acts which rested wholly in discretion as the abolition of the office in question did.

CERTIORARI issued out of the Supreme Court and attested on the 23d day of October, 1895, directed to the Board of Commissioners of Charities and Corrections of the county of Kings, directing them to certify and return to the clerk of the county of Kings all and singular their proceedings in regard to the discharge and removal from office of Patrick McCanna, the chief engineer of said board.

*William J. Kelly,* for the relator.

*John A. Quintard,* for the respondent.

BROWN, P. J.:

The relator seeks, by this proceeding, to review the acts of the respondent in abolishing the office of chief engineer of the board of commissioners of charities and corrections of the county of Kings, and removing him therefrom without charges being preferred against him or a trial had.

It appears that the relator was appointed chief engineer of said board of commissioners on January 1, 1890, and held such position continuously until October 1, 1895, when he was discharged.

In 1893 the Legislature enacted a law entitled "An act relative to the chief engineer having charge of the county buildings in

counties of this State having upwards of 700,000 inhabitants." (Chap. 129, Laws of 1893.)

This act prescribed various duties to be performed by the chief engineer therein named " wherever such chief engineer has been appointed under existing law," and provided that "said chief engineer shall hold office during good behavior, and shall not be removed except for cause, after the preferring of charges, upon notice and a trial thereof before the said commissioners or other officers."

The city and county of New York was excepted from the operation of this act, and it was, therefore, operative only in Kings county, and the only individual affected by it was the relator.

The return to the writ sets forth that, by a resolution of said board of commissioners, adopted at a regular meeting held September 4, 1895, the office of chief engineer was, on and after October 1, 1895, abolished for the reason that on said date the care of the insane in the county of Kings was to be assumed by the State, and said commissioners would thereafter be relieved from the care of the asylums at Flatbush and Kings Park, and the services of a chief engineer would no longer be necessary.

I do not understand the learned counsel for the relator to contend that the respondent could not in good faith abolish the position of chief engineer. His argument appears to rest upon the proposition that the provision of the statute, that the chief engineer could be removed only for cause, upon charges preferred and after a trial, rendered the decision of the commissioners, that the office was unnecessary and should be abolished, subject to review by the court.

We are of the opinion that this position is unsound. The statute of 1893 did not create a public office, neither in terms did it create the position of chief engineer. It prescribed the duties of the person who at the time of the passage of the act was fulfilling such a position, and protected him from discharge, except for cause and after a trial upon charges preferred. There is nothing in the act which prohibits the commissioners from abolishing the position, nor is there any ground for implication that such was the purpose of the Legislature. The provision that the incumbent of the office should not be removed except for cause, and after a trial, did not prevent the commissioners from abolishing the office. (*Phillips* v. *The Mayor*, 88 N. Y. 245 ; *Langdon* v. *The Mayor*, 92 id. 427.)

Under chapter 284, Laws of 1880, section 4, the creation and abolishment of the office lay wholly in the discretion of the commissioners, and the power thus conferred was not taken away by the act of 1893.

The question of the good faith of the commissioners in abolishing the office is not before us for review. Upon that question the relator is concluded by the return. (*People ex rel. Peck* v. *Commissioners*, 106 N. Y. 64.)

The office of a writ of certiorari is to correct errors of a judicial character made by inferior courts and special tribunals exercising judicial powers. It will not lie to review acts resting wholly in discretion or mere ministerial acts.

There was nothing judicial in the act abolishing the office of chief engineer. The power to perform that act rested in the discretion of the commissioners, and for its exercise in good faith the relator has no legal ground of complaint.

The writ must be quashed, with ten dollars costs and disbursements.

All concurred.

Writ of certiorari quashed, with ten dollars costs and disbursements.