(7 App. Div. 204)

PEOPLE ex rel. MOLONEY v. WARING.

(Supreme Court, Appellate Division, First Department. June 29, 1896.)

OFFICE AND OFFICER—DISCHARGE OF VETERAN—RIGHT TO HEARING.

Where the ground of discharge of a veteran of the war from a position under a city government was that there was nothing for him to do, he is not entitled to a hearing under the civil service laws.

Appeal from special term, New York county.

Application by Thomas Moloney for a writ of mandamus to compel George E. Waring, Jr., commissioner of the department of street cleaning in the city of New York, to reinstate relator as engineer in Stable A in said department, from which relator claims he was unlawfully dismissed. From a final order entered on the decision of a referee appointed to hear and determine the issues of fact raised by the return to an alternative writ of mandamus, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Robert Shaw Barlow, for appellant.
W. N. Hopcroft, for respondent.

O'BRIEN, J. The relator was a veteran of the volunteer fire department and an honorably discharged soldier. On May 4th he was appointed engineer of Stable A in the street-cleaning department, and continued in that position till May 1, 1895, when he was discharged without a hearing. Such discharge was pursuant to a

letter from the assistant superintendent that his services were no longer needed.

The only question of fact we deem it necessary to discuss is as to whether the cause assigned was true. Although rated as an engineer, relator was not performing at the date of his discharge the work of an engineer, "there was an engine there to run, but he never ran it; that work being performed by another, who always run it." "The relator used to polish up the fire engine, * * * and did little odd chores." There is some question as to whether this other man was a licensed engineer or a plumber, but that seems to us to be immaterial, as he did the work of an engineer, always ran the engine, and was engaged in such work before the respondent became commissioner; and, as stated, the relator never performed the duties of engineer. The relator was discharged because there was nothing for him to do; there was no use for his services; and nobody was ever appointed to fill the position formerly occupied by relator. This evidence is not refuted, and it thus appears that, having no further use for his services, which could as well be performed by others then in the service, there is no law or reason to prevent the commissioner, in the interest of economy, from exercising his undoubted right of dismissal. Nor can we find upon this record that it was a mere pretext to get rid of relator, or appoint another in his place, for no such facts appear. As to relator's right, as a veteran, to a hearing, what was said by Judge Beekman in People v. Waring (supreme court, special term, New York county, November 6, 1895; not reported), is apposite:

"The petitioner was an employé of the department of street cleaning in the city of New York as a driver. On the 16th day of June, 1895, he was discharged from his employment, and notified that his services would not be required after that date. No charges were preferred against him, nor is it claimed that he has been guilty of any misconduct. The reason for his discharge is disclosed in a letter addressed to him by the commissioner in the following language: 'You were discharged from this department only because your services were not needed.' * * * The petitioner is a veteran of the late Civil War, and received an honorable discharge. * * * The ground of his discharge was not such as to bring his case within the statutory requirement which prohibits removal except for cause shown after a hearing. * * * The statute must receive a reasonable construction, and plainly refers to that class of removals which are predicated upon the personal conduct of the employé. In such cases it is obviously reasonable that the person proceeded against should be offered an opportunity of vindicating himself against charges imputing misconduct or delinquency in the performance of his duties. But where the discharge is contemplated without any imputation upon the employé, and solely on the ground of economy in the public service, it would be highly absurd to gravely notify him that he is to be removed * * * because of some rearrangement of the force of the department, which renders the employment of so many men unnecessary, and to invite a discussion of this matter between the head of the department and his subordinate."

The order should be reversed, and the writ should be denied, with costs. All concur.