## VOLUME 42.

### . AND

## New York State Reporter,

## VOLUME ·76.

---

(10 App. Div. 415.)

### In re REYNOLDS.

(Supreme Court, Appellate Division, Second Department. December 1, 1896.)

OFFICERS—PREFERENCE OF VETERANS—MANDAMUS.
    A Union soldier appointed for an indefinite term as a painter in the department of parks, who was unable to work for a time because of a broken arm, is not on recovery entitled, under the veteran preference act (Laws 1894, c. 716, § 1), to a mandamus commanding the commissioners of the department to restore him to his position, where he neglected to notify the commissioners of his intention to return to work on recovery, and where he failed to show that there was work in the department which should· be done, and which he could do.

Appeal from special term, Kings county.
Application by Michael Reynolds for a writ of mandamus commanding Frank Squier, commissioner of the department of parks of the city of Brooklyn, to restore him to his position as a painter in the department. From an order directing that a peremptory writ of mandamus issue, and from an order denying a motion to set aside a verdict, and for a new trial, commissioner appeals. Reversed.
Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

A. H. Van Cott, for appellant.
Horace Graves, for respondent.

BROWN, P. J. The relator, who is an honorably discharged Union soldier, was appointed as a painter in the department of parks on December 12, 1889, but not for a definite term, and continued in its employment until the accident herein referred to. On

v.42N.Y.s.no.1—1 ··

the 29th day of April, 1894, while going into his own house, in the nighttime, he fell, and broke his arm. He was thereafter unable to work until June 16, 1894, when he applied to the appellant for reinstatement, and was refused. The order appealed from directs that a peremptory writ of mandamus issue to the appellant, commanding him to reinstate the relator as a painter in said department, and permit him to render service as such painter. In the petition for the writ, the relator alleged that, when he broke his arm, he caused notice thereof to be duly served on the foreman under whom he served, who, as the relator was informed and believed, caused said notice to be brought to the attention of the commissioner of the park department. This statement was denied in the affidavits read in opposition to the motion for a mandamus, and thereupon an alternative writ was issued. The alternative writ contained the following recital and allegation of facts, upon which the relator claimed the right to be reinstated:

. "At the time he became injured, as aforesaid, he sent to the foreman in said department, under whom he served and received orders, due notice thereof, and also notified said foreman, William Hand, that he would be unable to be at work as usual. This notification, made on the following day, namely, Monday, 30th April, 1894, was conveyed by said foreman to the further attention of the department, as said Michael Reynolds was informed and believes. That, at the date of his said injuries, the work that was performed in said department of the nature of petitioner's was sufficient to need the employment of about twelve painters besides the petitioner, and the necessity for the services of such painters for such work was evident from the fact that many were continued until a recent date, and up to the time that he placed the protection of his rights in the hands of his present attorney. That, in thus curtailing the employment of or transferring to other mechanic lists the names of such painters, a lack of good faith has been evinced by said department. That he is able and willing to render faithful and competent service in his said position and employment, has so performed his duties thereof, and was never dismissed therefrom or suspended except in manner as aforestated, and never for cause after a hearing had. That said commissioner well knew petitioner was and is a veteran soldier, claiming and having claimed preference in employment over other persons not possessing veteran privileges, and who, at the time of the refusal of his demand for restoration to his position, were retained as painters in said department, and given preference over him, to wit, Jeremiah Morris, William Hand, William Goodhue, and George Slane. Said Slane was employed as a painter, was put to work as such, and worked with said Michael Reynolds as such, up to the time of his sickness, as aforesaid, in April, 1894. That two of said painters are still retained, one of whom is not a Union soldier, sailor, or marine of the late Civil War."

These allegations were denied by the appellant in his return to the writ. Thereupon there was a trial at the circuit, and the jury were instructed to answer two questions:

"(1) Was the relator so injured as to disable him from performing the duties and services incident to his employment, and did he inform the respondent of the same within a reasonable time? (2) Did the relator voluntarily abandon his employment by the city?"

The first question was answered in the affirmative, and the second in the negative, and thereupon a peremptory writ was issued, as hereinbefore stated, pursuant to chapter 716, Laws 1894, which, in substance, provides that honorably discharged soldiers and sailors shall be preferred for appointment and employment in all public departments of the cities of the state, and shall be removed only

for incompetency. There was no testimony in the case that the relator ever informed the commissioner of parks that he was injured, and unable to perform his duties. The testimony was that one William Hand, who was the man from whom the relator received his orders in relation to his work, informed a Mr. Brady, who was Hand's superior officer, that Reynolds had been injured, and that Brady replied that he had heard all about it. But there is no evidence of any kind to show that this information was given to the commissioner.

It was not sufficient, we think, to entitle the relator to keep his position, to send word merely to the appellant that he had been injured. He should have notified the commissioner of his intention to return to his work when he should recover from his injury. But nothing of this character was done. The more serious difficulty, however, in the way of the relator's reinstatement, we think, is that it does not appear that there was any work for him to do when he applied for employment, in the month of June. It is not even alleged in the petition that there was work for him to do. The allegation is that, at the date of his said injuries, the work in the department was such as to require 12 painters, besides the relator. But it was alleged that some of the employés had been discharged for lack of work after the accident to the relator, and that, by such curtailment of employment, there was a lack of good faith evinced by the department. Just what was intended by the last allegation is not apparent, unless it had reference to the retention by the department, in its employment, of one George Slane, who, it was alleged by the relator, was not a Union soldier. Slane, however, was called as a witness by the relator, and it did not appear that he was not a veteran, or that he was not as much entitled to be retained in the employment of the department as the relator. Undoubtedly, the commissioner had the right to reduce his force of workmen whenever, in his judgment, the public interest demanded that course; and the preference in employment which is given to veteran soldiers by the statute of the state does not preclude their discharge when made in good faith and for lack of work for them to do. It is not claimed that any person has been appointed in the relator's place, and it was, we think, therefore incumbent for him to show that at the time of his application for reinstatement, in the month of June, there was need of his services in the department, and work which was required to be done, and which he could do. As there was no proof of these facts, we think he failed to make out a case entitling him to be reinstated; and the orders appealed from should be reversed, with costs, and the proceeding dismissed. All concur, except HATCH, J., who concurs on the last ground stated in the opinion, and BARTLETT, J., who does not vote.