(18 App. Div. 199.)

PEOPLE ex rel. NUTTALL v. SIMIS et al., Commissioners of Charities and Corrections.

(Supreme Court, Appellate Division, Second Department.  June 8, 1897.)

1. MUNICIPAL OFFICES—ABOLISHMENT—UNION VETERANS.
   Where municipal officers, solely for the purpose of economizing, abolish a position held by a Union veteran, and give the work formerly done by him to convicts, who perform it without cost to the city, such veteran cannot compel his reinstatement.

2. SAME—PRESUMPTION.
   In a mandamus proceeding by a Union veteran, whose position under a municipality has been abolished by the city officers, to compel his reinstatement, the presumption is that such officers did their duty in abolishing the position.

Appeal from Kings county court.

Mandamus by the people, on the relation of William Nuttall, directed to Adolph Simis, Jr., and others, commissioners of charities and corrections of the city of Brooklyn, to compel defendants to restore relator, a Union veteran, to his position as tinsmith in the department under their charge.  There was a verdict on which an order directed a peremptory writ to issue, and from such order, and from an order denying a motion for new trial on the minutes, defendants appeal.  Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

John A. Quintard, for appellants.
Horace Graves, for respondent.

PER CURIAM.  The only question which arises upon this appeal relates to the good faith of the appellants.  Did they act in good faith when, on July 29, 1896, they adopted the resolution abolishing the position of tinsmith in the department, and declaring that, after the ensuing 1st of August, all work formerly performed by the discharged tinsmith should be done by prisoners in the Kings-County Penitentiary?  If they thus abolished the relator's position from motives of economy, he has no grievance which the courts are called upon to redress.  People v. City of Brooklyn, 149 N. Y. 215, 225, 43 N. E. 554; People v. Board of Com'rs of Charities and Corrections, 1 App. Div. 3, 36 N. Y. Supp. 1002; People v. Squier, 10 App. Div. 416, 42 N. Y. Supp. 1; People v. King, 13 App. Div. 400, 42 N. Y. Supp. 961.

We are of the opinion that the evidence before us in this record is not sufficient to sustain the finding of the jury to the effect that the commissioners of charities and corrections acted in bad faith in this matter.  It appears that, since the relator was discharged, all the tinsmith's work done in the department has been performed by inmates of the public institutions, whose labor costs the city nothing, with the exception of a little work, representing an expenditure of between $17 and $18, which was merely incidental to contracts for roofing and putting up skylights.  At the time of the trial, the saving which had already been effected amounted to sev-

eral hundreds of dollars, so that the change was clearly in the direction of economy. The suggestion in the relator's testimony that Commissioner Simis on one occasion manifested personal hostility towards him is denied by Mr. Simis; and so far as the other commissioners are concerned, who constituted the majority, there is not a scintilla of evidence that they entertained towards him the slightest ill will. The presumption is that these public officers did their duty, and, on the proof before the jury, that presumption should have prevailed.

The order appealed from must be reversed, and a new trial must be granted, upon the issues under the alternative writ of mandamus.

(18 App. Div. 221.)
### POULSON v. NASSAU ELECTRIC R. CO.
(Supreme Court, Appellate Division, Second Department. June 8, 1897.)

PASSENGER ON ELECTRIC CAR—NEGLIGENCE.
> Where plaintiff's daughter, 10 years old, jumps from an electric car because of a blaze of fire coming from alongside of the motorman, which blaze was so great that it was noticed 50 or 60 feet away, it is sufficient to authorize the jury to infer negligence on the part of the defendant, and it was error to dismiss the complaint.

Appeal from Kings county court.