(18 App. Div. 412.)

PEOPLE ex rel. LINNEKIN v. ENNIS.

(Supreme Court, Appellate Division, Second Department. June 29, 1897.)

MANDAMUS—INABILITY TO AFFORD RELIEF.

Where, upon an application for a mandamus to restore the applicant to a position in the public service, the respondent submits an affidavit stating that the position to which the applicant seeks restoration has been abolished, and this statement is not put in issue, a peremptory writ is properly denied.

Appeal from trial term.

Application by the people, on the relation of Thomas J. Linnekin, for a writ of mandamus against John Ennis, commissioner of the fire

department of the city of Brooklyn. From an order denying the writ, relator appeals. Affirmed.

Argued before CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Jesse Johnson, for appellant.
Joseph A. Burr, for respondent.

PER CURIAM. On January 2, 1886, the relator was appointed a pilot in the fire department of the city of Brooklyn, and assigned to duty as pilot upon the fire boat Seth Low. He continued in such position until the 27th day of February, 1886, when he was summarily removed from such position by the defendant. Thereupon, and on April 30th of the same year, he procured to be issued an order to show cause why a peremptory writ of mandamus should not issue against the defendant, requiring him to forthwith reinstate and restore the said relator in his position as pilot. The moving papers recited the facts as above stated, and such application was met on the part of the defendant by an affidavit of the deputy commissioner of the fire department, which stated that "the said relator was duly removed from said position, and thereupon and thereafter the said position of pilot was duly abolished." This fact was not controverted by anything which appeared in the moving papers, nor was any application made by the relator for an alternative writ. The relator then insisted that he was entitled to the peremptory writ, and submitted such claims to the court for determination. The court denied the application, and, from the order entered thereon, this appeal is taken.

It is clear that the order denying the peremptory writ was properly made. We do not understand it to be contended that the position held by the relator could not be abolished, and nothing which appeared in the papers put that fact in issue. It has been uniformly held that a position may be abolished unless there is some express prohibition in the law (Phillips v. Mayor, etc., 88 N. Y. 245); and here there is none. There is nothing before the court which reflects upon the good faith of the defendant in abolishing the position, and the relator is concluded in this respect by what appears in the opposing affidavit. People v. Board of Com'rs of Charities, etc., of Kings County, 1 App. Div. 3, 36 N. Y. Supp. 1002. As the relator insisted upon his motion for the peremptory writ, the determination of the question became one of law, based upon the assumption that the position had been lawfully abolished. People v. Cromwell, 102 N. Y. 477, 7 N. E. 413; People v. City of Brooklyn, 149 N. Y. 215, 43 N. E. 554. The result, therefore, is that the relator made no case entitling him to the writ, and the order must be upheld. It is stated in the affidavit of the attorney for the relator that the motion was denied upon the ground that the remedy of the relator was by certiorari, instead of mandamus. It is sufficient to say of this statement that such affidavit is ineffective to show the ground of the decision. If such fact be assumed, however, it does not change the result, as it is not legal error to assign a wrong reason for a correct conclusion. The decision of the motions made to dismiss the appeal, and the defendant from the order compelling an acceptance of the notice of appeal herein, in view of the con-

clusion we have reached, ceases to be of practical importance, and may therefore be dismissed, without costs.

The order should be affirmed, with $10 costs and disbursements. All concur.

<hr/>