(42 App. Div. 283.)

KELLY v. YORK et al.

(Supreme Court, Appellate Division, Second Department. July 1, 1899.)

MUNICIPAL OFFICERS—REMOVAL.—VETERAN FIREMAN.

Under Greater New York Charter, § 342, providing that inspectors of boilers may be removed for cause, or where they are no longer needed, a boiler inspector may be removed by the police board whenever it may determine in good faith that he is not needed, although he be a veteran of the fire department; and Laws 1892, c. 577, provides that no veteran fireman holding a position by appointment in any city shall be removed without cause.

Appeal from special term, Queens county.

Application of John Kelly for a peremptory writ of mandamus to the police board of the city of New York directing the reinstatement of relator as boiler inspector. Application granted, and respondents appeal. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

William J. Carr, for appellants.
Gilbert D. Lamb, for respondent.

WOODWARD, J. It is not the policy of the law, as a general proposition, to make it obligatory upon public officials to keep in position men for whom there is no public necessity, and in the few exceptions which the legislature has seen fit to make to this general rule it is the duty of the court to see that the letter of the law is not transcended. The relator, who is concededly a veteran of the fire department of Long Island City, so as to come within the provisions of chapter 577 of the Laws of 1892, was duly appointed as a "boiler inspector" of Long Island City, holding that position up to

the 5th day of February, 1898, when he was discharged from the service, pursuant to a resolution of the police board of the city of New York, which declared that the position was abolished, because it was no longer necessary. Section 342 of the Greater New York charter provides that the "superintendent and inspectors of boilers, in the employ of the police department, in the city of Brooklyn, and the boiler inspectors in Long Island City, shall continue to discharge the duties heretofore devolved upon them, subject, however, to removal for cause, or when they are no longer needed." The relator was clearly subject to removal whenever the police board should determine in good faith that he was not needed, unless he was protected by the provisions of section 127 of the charter, or by the provisions of chapter 577 of the Laws of 1892, for his removal was made on the 5th day of February, 1898, and he could not, therefore, get any rights under the provisions of chapter 184 of the Laws of 1898, which went into effect on the 31st day of March, and relates wholly to the future. It is provided in section 127 of the charter that:

"All veterans either of the army or navy or the volunteer fire departments, now in the service of either of the municipal and public corporations hereby consolidated, who are now entitled by law to serve during good behavior, or who can not under existing law be removed except for cause, shall be retained in like positions and under the same conditions by the corporation constituted by this act, to serve under such titles and in such way as the head of the appropriate department or the mayor may direct."

Obviously, this section of the charter gave the relator no new rights; it simply sought to continue in the service of the city such members of the class to which it refers as would have been entitled to continue in office had the consolidation of the several municipalities into one great municipality not been brought about by the statute of which this section forms a part. People v. Van Wyck, 157 N. Y. 495, 501, 52 N. E. 559. We must look, then, to the statute of 1892 for the rights of the relator, and we find in that law no provision that the veterans of volunteer fire departments shall be retained in office after the same shall have been abolished as not necessary for the welfare of the public. It was held in the case of People v. City of Brooklyn, 149 N. Y. 215, 225, 43 N. E. 554, that the public authorities had the right to abolish a position occupied by the relator (a veteran of the late war of the Rebellion) for economic reasons; and in People v. Adams (Sup.) 4 N. Y. Supp. 522, it was held that an honorably discharged veteran of the Union army might be removed for the reason that the position he occupied was abolished on economical grounds, and his duties might be attached to an existing office, which was held by a person not a veteran, and that such a removal was not in violation of the statutes relative to veterans of the war of the Rebellion holding positions in the city of Brooklyn. There is nothing before the court to indicate that the action of the board of police commissioners was not taken in entire good faith for the purpose of reducing the cost of the administration of the department, and we are of opinion that the court below has misconceived the law in respect to the rights of the relator, and that the order appealed from should be reversed, with costs. All concur.