(58 App. Div. 594.)

PEOPLE ex rel. NASON v. FEITNER et al.

(Supreme Court, Appellate Division, Second Department. March 8, 1901.)

1. MUNICIPAL CORPORATIONS—CITY EMPLOYES—VETERANS—REMOVAL.
　　An honorably discharged veteran soldier in the employ of a city may be removed for the reason that his position has been abolished on economical grounds, and its duties attached to an existing office held by one not a veteran.

2. SAME—REINSTATEMENT—VERDICT—CONCLUSIVENESS.
　　A verdict on conflicting evidence in mandamus proceedings by an ex city employé to compel his reinstatement is of the same force as a verdict in an ordinary action at law, and will not be disturbed on appeal on the ground that a different verdict might have been rendered.

Appeal from trial term, Kings county.

Mandamus by the people, on the relation of James H. Nason, against Thomas L. Feitner and others, composing the board of taxes and assessments of the city of New York. From a final order entered on a verdict denying relator's application for a peremptory writ, and an order denying a new trial, he appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, and SEWELL, JJ.

Henry M. Dater (George F. Elliott, on the brief), for appellant.
William J. Carr, for respondents.

PER CURIAM. It appears from the record that the relator, James H. Nason, was a veteran soldier of the late war of the Rebellion, although there is nothing in the case to indicate that this fact was known to the respondents until after the dismissal of the relator. Both parties appear to have conceded that the only question involved upon the trial of the issues raised by the application for a peremptory writ of mandamus to compel the reinstatement of the relator was the good faith of the respondents in abolishing the position. The law is well settled that an honorably discharged veteran of the Union army may be removed for the reason that the position which he occupies is abolished on economical grounds, and that its duties may be attached to an existing office which is held by a person not a veteran. People v. City of Brooklyn, 149 N. Y. 215, 225, 43 N. E. 554, and authorities there cited; In re Kelly, 42 App. Div. 283, 59 N. Y. Supp. 30. See, also, In re Breckenridge, 160 N. Y. 103, 108, 54 N. E. 670. The only question finally submitted to the jury, by the common agreement of the parties in interest, is stated by the court below as follows: "Was the action of the board of taxes and assessment in abolishing the position of the relator taken in good faith and for the purpose of economy?" The jury found in favor of the respondents, and from

the final order, and from an order denying a motion for a new trial, appeal comes to this court.

We find no reversible error in the case, and, while there might be room for a difference of opinion upon the conflicting evidence submitted to the jury, we do not find such a preponderance of evidence in support of the contention of the relator as to warrant this court in interfering with the verdict of a jury, which is of equal force in a matter of this character as in an ordinary action at law. People v. Kearny, 44 App. Div. 449, 453, 61 N. Y. Supp. 41; Id., 161 N. Y. 648, 57 N. E. 1121.

The orders appealed from should be affirmed, with costs.