In the Matter of the Application of Otto Stutzbach, Respondent, for a Writ of Mandamus against Bird S. Coler, as Comptroller of the City of New York, Appellant.

1. Civil Service — Removal of Veteran Employed in Finance Department of City of New York without Charges and a Hearing, Illegal. The removal by the comptroller of the city of New York of a veteran from a position in the finance department, in which others were employed who were not veterans, in order to reduce its expenses to the amount appropriated therefor, without stated charges made against him for incompetency or misconduct and a hearing given to him upon due notice, is illegal under the provisions of sections 20 and 21 of the Civil Service Law (L. 1899, ch. 370), although he was the least efficient man in his bureau, and the comptroller was ignorant of the fact that he was a veteran when he removed him; and in case of a refusal to reinstate him he is entitled to a peremptory writ of mandamus compelling such reinstatement.

2. Constitutional Law — Power of Legislature to Limit Removals of Veterans. While the Constitution (Const. art. V, § 9) provides for a preference of veterans in appointment and promotion in the civil service within the state, and does not, in terms or otherwise, provide that they shall be continued in the public service in preference to other employees, the legislature, although it cannot enact laws repugnant to the provisions of the Constitution, may legislate farther in that direction if in its judgment it shall seem wise to do so, and as it created the civil service system in this state substantially as it now is before there was any constitutional provision on the subject, so is it within its power to place a limit upon the removal of veterans employed in the public service as has been done by the provisions of section 21 of the Civil Service Law.

*Matter of Stutzbach*, 62 App. Div. 219, affirmed.

(Argued October 2, 1901; decided November 12, 1901.)

Appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, made June 14, 1901, which reversed an order of Special Term denying an application for a peremptory writ of mandamus commanding the defendant to reinstate the relator in the position of warrant clerk or messenger in the auditing department of the finance department of the city of New York and granted the application.

The facts, so far as material, are stated in the opinion.

*John Whalen, Corporation Counsel* (*Theodore Connoly* and *William B. Crowell* of counsel), for appellant. The material allegations of the moving affidavit being denied, a peremptory writ could not issue. (*People ex rel. v. Fairman,* 91 N. Y. 385; *People ex rel. v. Mayor, etc.,* 149 N. Y. 215; *People ex rel. v. N. Y. C. & H. R. R. R. Co.,* 156 N. Y. 570; *Matter of Steinway,* 159 N. Y. 250; *People ex rel. v. Richards,* 99 N. Y. 621; *People ex rel. v. Bd. of Apportionment,* 64 N. Y. 627; *People ex rel. v. Brush,* 146 N. Y. 60; *Matter of Haebler v. N. Y. P. Exch.,* 149 N. Y. 414; *People ex rel. v. Cromwell,* 102 N. Y. 477; *People v. R., W. & O. R. R. Co.,* 103 N. Y. 95.) A veteran has, under the present law, no preference in retention in employment. (*Matter of McCloskey v. Willis,* 15 App. Div. 594; *Matter of Keymer,* 148 N. Y. 219; *People ex rel. v. Lathrop,* 142 N. Y. 113; *People ex rel. v. Morton,* 148 N. Y. 156; *People ex rel. v. Bd. of Health,* 153 N. Y. 517.) Relator was not entitled to a reinstatement on March 9, 1901. (*People ex rel. v. Clausen,* 50 App. Div. 286; *People ex rel. v. Cruger,* 12 App. Div. 536.) Relator could be removed by reason of economy, without charges or a trial. (*People ex rel. v. Mayor, etc.,* 149 N. Y. 215; *People ex rel. v. Adams,* 51 Hun, 583; *Phillips v. Mayor, etc.,* 88 N. Y. 245; *Lethbridge v. Mayor, etc.,* 133 N. Y. 237; *People ex rel. v. Waring,* 7 App. Div. 204; *Langdon v. Mayor, etc.,* 92 N. I. 427; *People ex rel. v. King,* 13 App. Div. 400; *People ex rel. v. Simis,* 18 App. Div. 199; *People ex rel. v. Shea,* 51 App. Div. 227; 164 N. Y. 573; *Matter of Kenny,* 52 App. Div. 385.)

*Benno Loewy* for respondent. Upon the conceded facts in this proceeding the relator was entitled to a peremptory writ of mandamus for his reinstatement as applied for. (*People ex rel. v. Dalton,* 158 N. Y. 175; *People ex rel. v. Scully,* 56 App. Div. 302.) The contention that the legislature did not intend by the provisions of the act of 1899 under review to secure veterans in the retention of their office, is without

27

the slightest merit. (*Matter of McCloskey* v. *Willis*, 15 App. Div. 594; *Matter of Sullivan*, 55 Hun, 285; *Matter of Keymer*, 148 N. Y. 219.) The fact alleged in the respondent's affidavit of the insufficiency of the appropriation for the payment of salaries is no justification for the relator's dismissal. (*People ex rel.* v. *Ham*, 32 Misc. Rep. 517; *Steinson* v. *Bd. of Education*, 165 N. Y. 431; *Matter of Sullivan*, 55 Hun, 287; *Matter of McCloskey* v. *Willis*, 15 App. Div. 594; *Matter of Breckenridge*, 160 N. Y. 103; *People ex rel.* v. *Coler*, 34 App. Div. 167.) The relator had given the respondent an opportunity to reinstate him after advising him that his discharge was unauthorized, and, therefore, had complied with the preliminaries to the issuance of the peremptory writ of mandamus required under the decision of this court. (*People ex rel.* v. *Cruger*, 12 App. Div. 536; *People ex rel.* v. *Clausen*, 50 App. Div. 286; *Matter of Sullivan*, 55 Hun, 285; *Matter of Keymer*, 148 N. Y. 218.)

PARKER, Ch. J. That the comptroller discharged the relator in the performance of what he believed to be a public duty is beyond question. He had submitted to the board of estimate and apportionment in due time an estimate of the salaries for the year 1901. The amount asked for the finance department was the salary list as shown by the monthly payroll of September, 1900, and the same condition of affairs prevailed in the month of December following. The board of estimate and apportionment, however, awarded an amount less by more than $30,000 than that asked for. It thereupon became the comptroller's duty to reduce the expenses of the finance department to the sum awarded, for section 1543 of the charter provides that the "aggregate expense thereof shall not exceed the total amount duly appropriated to the respective departments for such purpose." As the only way to reduce the amount of the payroll was to discharge men, fourteen were selected for immediate dismissal, and on the 3d of January each of them was notified that because of insufficiency of appropriation their services were no longer required.

This relator was one of the fourteen and was selected for dismissal because he was the least efficient man in the bureau in which he was employed. He had, however, served in the Union army during the war of the rebellion and was an honorably discharged soldier, of which fact the comptroller was in ignorance, but the relator contends in this proceeding, and rightly as we think, that if under the law of the state he was entitled to be continued in employment as against other employees in his bureau who were not veterans, the fact that the comptroller was not advised of his right to preference does not deprive him of the right which the law affords him, for it is the fact of his being an honorably discharged soldier which entitles him to preference in employment and not knowledge of that fact by the head of the department employing him. Lack of information justified the act of the comptroller in attempting to discharge him, but if his removal was illegal because he was a veteran, it became the duty of the comptroller, when the fact came to his knowledge, to reinstate the relator and, as there were other employees in the department not entitled to preference, to discharge one of them, as he would have done in the first instance had he been aware of the relator's status.

The purpose of this proceeding is to compel reinstatement which we think the relator is entitled to, provided his removal was not in compliance with the law. Chapter 821 of the Laws of 1896 provided that honorably discharged Union soldiers "shall be preferred for appointment, employment and promotion," and that no such person "holding a position by appointment or employment in the state of New York or of the several cities * * * shall be removed from such position or employment except for incompetency or misconduct shown, after a hearing upon due notice, upon the charge made."

While this act was repealed by chapter 370 of the Laws of 1899, entitled, "An act in relation to the civil service of the state of New York and the cities and civil divisions thereof," its provisions were, with some amendment, incorporated into sections 20 and 21 of that act. Section 20, which relates to

" preferences allowed honorably discharged soldiers, sailors and marines," provides for " preference in appointment and promotion without regard to their standing on any list from which such appointment or promotion may be made," thus differing from the act of 1896 in that the word " employment " which appeared after the word " appointment " in the earlier act is omitted in the later. As the word " employment " is not used in section 9 of article 5 of the State Constitution, which relates to civil service appointments and promotions, it may well be that the change in the statute was for the purpose of making it harmonize with the Constitution in that respect, or the word " employment " may have been regarded as superfluous, for it seems to have been used in that same section interchangeably with " appointment " as in the paragraph providing for the preparation of a list of eligible persons in which it is declared in effect that honorably discharged soldiers upon such list " shall be given preference on any list of registered applicants for employment."

Section 21, headed " Power of removal limited," is practically a re-enactment of so much of the act of 1896 as relates to that subject, and it provides that " No person holding a position by appointment or employment  *  *  *  who is an honorably discharged soldier  *  *  *  shall be removed from such position or employment, except for incompetency or misconduct shown after a hearing, upon due notice, upon stated charges and with the right to such employee or appointee to a review by a writ of certiorari."

Stated charges were not made against this relator for incompetency or misconduct, and a hearing given to him thereon upon due notice, and hence his removal was, according to the letter of the statute, illegal. The comptroller's return to the writ indicates that he was selected for discharge because he was the least competent man in his bureau, but it is not a sufficient compliance with the statute to discharge a man for incompetency. Before the dismissal takes place the charge of incompetency must be made, notice given and the hearing had.

It is now urged that in so far as the statute extends preference of veterans beyond that accorded to them by the Constitution, it is void. The Constitution only provides for a preference of veterans in appointments and promotions in the civil service within the state and does not, in terms or otherwise, provide that they shall be continued in the public service in preference to other appointees, and the contention is that the legislature cannot go further and give a preference beyond that declared in the Constitution. The decision of this court in *Matter of Keymer* (148 N. Y. 219) is mistakenly invoked in support of that position. In that case the court had under consideration a portion of chapter 344 of the Laws of 1895 which in effect provides that as to honorably discharged soldiers and sailors of the late Civil war competitive examinations for positions in the civil service should not be deemed practicable or necessary in cases where the compensation or other emolument of the office does not exceed $4 per day, and this was held to contravene section 9 of article 5 of the Constitution which provides that merit and fitness are to be ascertained so far as practicable by examinations which so far as practicable shall be competitive, thus placing all upon an equality, including soldiers and sailors, in the investigation which may be made in a given case to determine the merit and fitness of applicants for the position sought, whether the examination be competitive or non-competitive. When a list is made up of persons whose merit and fitness have been ascertained according to law, then such honorably discharged soldiers and sailors of the Civil war as appear thereon are entitled under the Constitution to preference in appointment and promotion therefrom, but the legislature cannot dispense with the necessity of ascertaining the merit and fitness of all applicants for employment in the civil service for the Constitution safeguards the public service against all such attempts. That, however, was the aim of the statute in question for it sought to exempt honorably discharged soldiers and sailors from competitive examinations where the compensation was under $4 a day, and this the court necessarily held violated

the Constitution, and nothing further was decided in that case.

Now, while the legislature cannot enact laws repugnant to this provision of the Constitution, it may legislate further in that direction from time to time if in its judgment it shall seem wise to do so. As it created the civil service system in this state substantially as it now is before there was any constitutional provision on the subject, so it may go on from time to time strengthening it in what experience may prove to be the weak places, provided always that it does not offend against any of the provisions which the people have incorporated into the organic law. And so it was within its power to place a limit upon the removal of persons employed in the public service as it has done by section 21, in which, in addition to the provisions already mentioned, it is provided that in cities of the first class, if the position held by an honorably discharged soldier shall become unnecessary or be abolished for reasons of economy or otherwise, he shall not be discharged from public service, but shall be transferred to any branch of the city service for such duty in that service as he may be fitted for, receiving the same compensation as before.

This court had before it a case in which that provision was under consideration in *Matter of Breckenridge* (160 N. Y. 103). In that case, for reasons of economy, the position occupied by relator had been abolished, but it was held that he was not entitled to succeed as against the defendant, for the reason that it appeared that there was no vacancy in his department to which the relator could be assigned. Had the relator shown the existence of such a vacancy the result would have been different.

Our conclusion is, that however necessary and proper the discharge may have seemed to be from the standpoint of the comptroller, it was illegal, because that provision of the statute was not complied with which requires that, before a discharge shall be made, an honorably discharged soldier shall be informed of the charge against him, and a hearing given

upon due notice, at which he shall have the right to appear and answer.

And, hence, the order of the Appellate Division directing his reinstatement should be affirmed, with costs.

BARTLETT, HAIGHT, MARTIN, VANN and LANDON, JJ., concur; O'BRIEN, J., not voting.

Order affirmed.