## SWEET v. PARTRIDGE.

(Supreme Court, Appellate Division, Fourth Department. November 12, 1901.)

CIVIL SERVICE LAW — LABORERS IN STATE SERVICE — RIGHT OF DISCHARGED SOLDIERS TO PREFERENCE.

Section 20 of the civil service law (Laws 1899, c. 370), which provides that in every public department, and upon all public works of the state, veterans of the Civil War "shall be entitled to preference in appointment and promotion, without regard to their standing on any list from which such appointment or promotion may be made, provided their qualification

and fitness shall have been ascertained as provided in this act," has no application to an applicant for a position as a lock tender on the Erie Canal, as to which no lists are required or kept, and there are no regulations for ascertaining the qualification or fitness of an applicant.

Appeal from trial term, Wayne county.

Action by Simeon Sweet against John N. Partridge. Appeal by plaintiff from a judgment of the supreme court dismissing the complaint on the ground that it did not state facts sufficient to constitute a cause of action. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Hopkins & Converse, for appellant.
John C. Davies, for respondent.

WILLIAMS, J. The judgment appealed from should be affirmed, with costs. The action was brought to recover damages by reason of the failure of the defendant, the superintendent of public works of the state, to appoint the plaintiff to a position of lock tender on the Erie Canal; he being an honorably discharged soldier of the Civil War, and claiming preference to such appointment by virtue of the civil service law of the state of New York. The determination of this appeal involves a construction of section 20 of the civil service law (chapter 370, Laws 1899), which reads as follows, so far as important here:

"In every public department, and upon all public works of the state of New York, * * * honorably discharged soldiers, sailors and marines from the army and navy of the United States, in the late Civil War, who are citizens and residents of this state, shall be entitled to preference in appointment and promotion, without regard to their standing on any list from which such appointment or promotion may be made, provided their qualification and fitness shall have been ascertained as provided in this act, and the rules and regulations in pursuance thereof. * * * A refusal to allow the preference provided for in this * * * section to any honorably discharged soldier, sailor or marine * * * shall be deemed a misdemeanor, and such honorably discharged soldier, sailor or marine shall have a right of action therefor in any court of competent jurisdiction for damages, and also a remedy by mandamus for righting the wrong."

It is claimed by the defendant that this statute did not require the appointment of the plaintiff, or give a right of action for not appointing him, because: (1) He was not upon any list from which appointments of lock tenders was to be made, and had no standing on such list. There was no such list under the act and the rules and regulations made in pursuance thereof. (2) His qualification and fitness were never ascertained as provided in the act and such rules and regulations. There was no provision for ascertaining the same. In other words, the claim is that this section 20 was never designed to cover the cases of men as to whom there was no provision for ascertaining their qualification and fitness, and who were not to be placed upon any list or to have any standing thereon. It is conceded that the appellant occupied this position. There was no list kept or prepared, except a list of those who were required to and had passed an examination as to qualification and fitness. The ap-

pellant sought for a position as laborer in the state service (a lock tender was a laborer); and, under section 9 of the civil service law, no examination or registration could be required of persons to be employed as laborers in the state service. There was therefore no list upon which the appellant could get or have any standing from which the appointment he sought would be made. There was no way in which his qualification and fitness could be ascertained. He could not, therefore, bring himself within the statute in question, so as to entitle him to the preference provided therein. The statute in its language follows the constitution, and the difficulty with the appellant under both is that he can claim preference only in case his qualification and fitness shall have been ascertained as provided in the act and the rules and regulations in pursuance thereof, and that could not be done under the act or such rules or regulations. The preference under the statute was apparently not intended to cover laborers in the state service. To hold otherwise would be to do violence to the language of the statute. The claim of the appellant seems to be that a soldier, sailor, or marine seeking employment as a laborer in the state service is to be presumed to be qualified and fit for such service, whether he is so or not. There is no way to ascertain that he is. The superintendent of public works may not determine the question himself, and refuse to employ a person because not qualified or fit. He must employ him any way. We cannot assent to such a construction. The class of unskilled laborers, under the act, were favored by being exempted from examination as to qualification and fitness, and by such favor they were taken out of the provision for preference for employment provided by section 20 of the act.

This was the view evidently taken by the trial court, and we think the case was correctly decided, and that the judgment appealed from should be affirmed, with costs. All concur.