### JONES v. WILLCOX, President of Park Department.

(Supreme Court, Appellate Division, First Department. February 13, 1903.)

1. MANDAMUS—COMPELLING REINSTATEMENT OF OFFICER—TRANSFER TO NEW OFFICE—PARTIES.

In mandamus to compel the reinstatement of petitioner to an office abolished in bad faith, the appointee of the new office created in the place of the one abolished is not a necessary party, but in mandamus to compel the transfer of petitioner to the newly created position the appointee is a necessary party.

2. SAME—ISSUANCE OF ALTERNATIVE WRIT.

Though, in a case where the allegations in the petition for a writ of mandamus are controverted, the petitioner is not entitled to a peremptory writ, an alternative writ will be awarded, even when not demanded, in case a new proceeding will be barred.

3. CIVIL SERVICE—VETERANS—ABOLITION OF OFFICE—TRANSFERS—DISMISSAL.

Under Civil Service Law (Laws 1899, c. 370, § 21, as amended by Laws 1902, c. 270, § 1), prohibiting the removal from office of veterans except for misconduct or incompetency on due hearing, and providing that if an office filled by a veteran shall be abolished he shall be transferred to any branch of the public service for which he is fitted, and Greater New York Charter, § 1543, providing that the person holding an office which is abolished shall be deemed suspended without pay and entitled to reinstatement in the same or similar position, if within one year there is need for his services, a veteran cannot be dismissed from the service though his office is abolished in good faith.

4. SAME.

Though Civil Service Law (Laws 1899, c. 370, § 21, as amended by Laws 1902, c. 270, § 1) gives a veteran the right to be transferred to any position in the public service for which he is fitted on his office being abolished in good faith for reason of economy, a veteran cannot be deprived of his right to hold his office by the abolition thereof in bad faith.

5. SAME.

Where an office, filled by a veteran in a satisfactory manner, is abolished in good faith for the reason of economy, and newly created positions are charged with the same duties as the one abolished, the veteran is entitled, under the civil service law (Laws 1899, c. 370, § 21, as amended by Laws 1902, c. 270, § 1), to one of the newly created positions,

though the salary of each of the new positions is less than the salary of the office abolished.

6. SAME—TRANSFERS—FITNESS—BURDEN OF PROOF.

Const. art. 5, § 9, requires that appointments and promotions in the civil service shall be according to merit. Laws 1899, c. 370, § 21, prohibits, in substantially the language of Laws 1896, c. 821, the discharge of veterans from the public service except for incompetency or misconduct shown after due hearing, and provides, in substantially the terms of Laws 1898, c. 184, for their transfer to any branch of the service for which they are fitted on the abolition of their positions, with the addition of the provision of Laws 1896, c. 821, that the burden of proving incompetency or misconduct shall be on the person alleging the same. *Held* that, since the clause fixing the burden of proving incompetency or misconduct applies only to the provision for the removal of veterans from the public service, and does not apply to their transfers to other positions therein, a veteran seeking a transfer to another position must prove his fitness.

Ingraham, J., dissenting.

Appeal from special term, New York county.

Application for a mandamus by James E. Jones against William R. Willcox, president of the department of parks of the city of New York and commissioners of parks for the boroughs of Manhattan and Richmond, to compel respondent to reinstate the petitioner as superintendent of small parks in the department of parks of the city of New York, or, if said position has been abolished, to transfer him to the position of assistant superintendent of parks or to any branch of the municipal public service for which he may be fitted. From an order denying petitioner's motion for a peremptory writ of mandamus, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

William Rumsey, for appellant.

Theodore Connoly, for respondent.

LAUGHLIN, J. On the 6th day of April, 1898, the petitioner was appointed superintendent of small parks at a salary of $3,000 per annum. He continued to perform the duties of this position until the 30th day of April, 1902, when he received a notice in writing from the commissioner of public parks, boroughs of Manhattan and Richmond, that the position was abolished, to take effect that day, and his services were no longer required. The petitioner is an honorably discharged solider of the Union army in the Civil War. The day after his discharge, as superintendent of small parks, through his attorneys, he sent a written communication to the commissioner of parks, setting forth the fact that he was a veteran, and that he claimed to be entitled to be transferred to some other branch of the municipal service pursuant to the provisions of section 21 of the civil service law (Laws 1899, c. 370), as amended by chapter 270 of the Laws of 1902. About the time he discharged the petitioner, the commissioner of parks created the positions of two assistant superintendents of parks; and they were classified on the 3d day of May, 1902, by the municipal civil service as noncompetitive and exempt from civil service examination, and this classification was approved

by the state board of civil service commissioners, and became of force on the 10th of May. On the 27th day of May the commissioner of parks appointed William E. Weeks and Thomas F. Murphy to these positions. This proceeding was then instituted for the reinstatement or transfer of the petitioner. The moving papers were served on the appointees named, but they do not seem to have appeared. In so far as relief is sought upon the theory that the removal of the petitioner was illegal, that is, in bad faith, doubtless it was unnecessary to make these appointees parties, for the relief sought would be reinstatement to the original position, and not to the position held by either of them (Peo. ex rel. Tate v. Dalton, 158 N. Y. 204, 52 N. E. 1119; Matter of Stutzbach v. Coler, 168 N. Y. 416, 61 N. E. 697); but, on the questions arising concerning the right of the petitioner to be transferred to one of the newly created positions, it was necessary to make the person appointed to the position a party, as has been done, for now the statutory remedy by mandamus in these cases takes the place of the writ of quo warranto, and a decision that the petitioner is entitled to the office necessarily ousts the occupant who has been made a party to the proceeding. Peo. ex rel. Conlin v. Village of Dobbs Ferry, 63 App. Div. 276, 71 N. Y. Supp. 578; Peo. ex rel. Mesick v. Scannell, 63 App. Div. 243, 71 N. Y. Supp. 383, and cases cited.

The material allegations of the petition upon which the right of the petitioner to be reinstated or to be transferred to some other position in the municipal civil service depends were controverted, and, consequently, he was not entitled to a peremptory writ. Although an alternative writ was not demanded in the prayer of the petition, it is evident that, if the petitioner be not awarded an alternative writ in this proceeding, the lapse of time would doubtless be a bar to a new proceeding; and for that reason, if he be entitled to an alternative writ, it should have been awarded notwithstanding it was not demanded.

The petitioner should not, in any event, have been dismissed, even if his position were lawfully abolished. His discharge was expressly forbidden by section 21 of the civil service law, as amended by chapter 270 of the Laws of 1902, which became of force prior to the date of his discharge, at least if there was any vacancy in any position of the municipal civil service which he was "fitted to fill receiving the same compensation therefor." Even if there was no position to which he could be transferred, he was entitled under section 1543 of the charter to have his name certified to the municipal civil service commission for reinstatement for the same or a corresponding class of work. In no event could he be removed or discharged. At most he was only suspended by operation of law. This proceeding, however, is not brought to enforce his rights under section 1543 of the charter, but rather to obtain a reinstatement or transfer under said section 21 of the civil service law.

The petition fairly charges, in effect, that the superintendent of parks acted in bad faith in abolishing the position held by the petitioner, and facts are disclosed by the record tending to support this charge. The affidavits presented in opposition to the motion tended

to show that the abolishment of this position and the creation of the new positions were all in good faith and with a view to improve the public service.   Under section 1543 of the Greater New York charter, which in this respect is a substantial re-enactment of section 48 of the consolidation act (Laws 1882, c. 410), the commissioner of parks could, doubtless, with the approval and consent of the board of estimate and apportionment, change the title or duties of an office or abolish it altogether, and transfer the duties to another position or office. . Peo. ex rel. Dean v. Brookfield, 1 App. Div. 68, 37 N. Y. Supp. 107; Peo. ex rel. Wardrop v. Adams (Sup.) 4 N. Y. Supp. 522.   A position may be abolished in the interests of economy without giving notice to the occupant or affording him an opportunity to make any explanation, notwithstanding the provisions of law forbidding a removal without notice and an opportunity to explain, or without a formal hearing upon charges.   Peo. ex rel. Moloney v. Waring, 7 App. Div. 204, 40 N. Y. Supp. 275; Matter of Breckenridge, 160 N. Y. 103, 54 N. E. 670.   Prior to the statute forbidding the removal of certain classes of veterans, and requiring their transfer where the position is abolished, it was well settled that, while a position occupied by the veteran might be abolished in good faith and in the interests of economy, this might not be done in bad faith and as a mere pretext or subterfuge to remove the veteran and make a place for another.   Peo. ex rel. Shields v. Scannell, 48 App. Div. 69, 62 N. Y. Supp. 682; Peo. ex rel. Nutall v. Simis, 18 App. Div. 199, 45 N. Y. Supp. 940; Peo. ex rel. Gildersleeve v. Dalton, 44 App. Div. 445, 60 N. Y. Supp. 909, affirmed in 163 N. Y. 599, 57 N. E. 1121; Peo. ex rel. Nason v. Feitner, 58 App. Div. 594, 69 N. Y. Supp. 141.   See, also, People ex rel. Moloney v. Waring, supra; Peo. ex rel. Reynolds v. Squier, 10 App. Div. 415, 42 N. Y. Supp. 1; Peo. ex rel. Corrigan v. Mayor, 149 N. Y. 225, 43 N. E. 554; Peo. ex rel. Traphagen v. King, 13 App. Div. 400, 42 N. Y. Supp. 961; Peo. ex rel. Linnekin v. Ennis, 18 App. Div. 412, 46 N. Y. Supp. 444; Matter of Kelly, 42 App. Div. 283, 59 N. Y. Supp. 30; Matter of Breckenridge, 160 N. Y. 103, 54 N. E. 670; Matter of Kenny, 52 App. Div. 385, 65 N. Y. Supp. 204.   There is no reason why this rule should not still obtain.   The mere fact that the veteran is given a right to be transferred to any position in the municipal civil service for which he is fitted should not deprive him of the right to hold the position, if it has been abolished in bad faith, and not in the interests of economy.   It is evident that in many instances there might be no position vacant for which the veteran was qualified, and it is also apparent that, by a change of salaries or a consolidation of duties, he might not be able to obtain a position at all or one paying the same salary, and, manifestly, the interests of the veteran would not be fully protected in all cases by this statutory right to be transferred.   On the moving papers and the replying affidavits, a question of fact was presented as to whether the petitioner was removed and his office abolished in good faith.   If, on the alternative writ of mandamus, this question should be resolved in favor of the petitioner, on evidence fairly overcoming the presumption of law that public officials have acted in good faith (Peo. ex rel. Nutall v. Simis, supra), he will be entitled to be reinstated to the position formerly held by him and to receive the salary thereof.

Moreover, the petitioner shows that the duties of the newly created positions are the same or similar to those that he has been satisfactorily performing as superintendent of small parks, and he alleged that he is fully qualified to perform the duties of either of these new positions. This is also controverted by the respondents, and therefore presents a question of fact which should be determined on an alternative writ. If the duties are the same or similar to those which the petitioner has been performing to the satisfaction of his superior, it was the express duty of the park commissioner, by section 21 of the civil service law as so amended, to transfer the petitioner to one of those positions upon their creation, assuming that he was removed and his former position was abolished in good faith. The fact that the salary of each of the new positions is less should be no obstacle, inasmuch as the petitioner appears to be willing to accept it. Upon such facts, and to that extent at least, this statute is undoubtedly valid. Matter of Pratt v. Phelan, 67 App. Div. 349, 73 N. Y. Supp. 823. See, also, People ex rel. Hoyt v. Board of Trustees, 19 App. Div. 567, 46 N. Y. Supp. 564; Matter of Stutzbach v. Coler, supra.

It thus appears that there are two questions of fact to be determined on an alternative writ, and if either be determined in favor of the petitioner he will be entitled to reinstatement or to be transferred to one of these new positions. An alternative writ may, therefore, be of avail to the petitioner, and it should have been granted.

A question of more difficulty may arise if it shall appear that the position was abolished in good faith, and that the duties of neither of the newly created positions are the same or similar to those previously performed by the petitioner. Said section 21 of the civil service law, as thus amended, purports to entitle a veteran in such case to be transferred to any position in any branch of the municipal service for which he is qualified, whether the duties are the same or similar to those he has previously held or not. There is no provision for a civil service examination in such case to determine his qualifications for the other position to which he claims the right to be transferred. It is manifest that veterans would not in all cases be qualified to fill other positions the duties of which are entirely dissimilar, even though the salary might be the same or less. Of course, he would be required to assert his rights and represent to the appointing power that he possessed the necessary qualifications before appealing to the courts, and when application should be made to the courts he would be confined to his demand for a particular transfer. The municipal civil service commission has exempted these newly created positions from either a competitive or qualifying examination, presumably upon the ground that in their opinion an examination would be impracticable, for it is manifest that neither of the positions is exempt by law, as neither is legislative or that of a private secretary, cashier, or deputy. Section 21, Civil Service Law; Matter of Shaughnessy v. Fornes, 172 N. Y. 323, 65 N. E. 168. The statute does not declare that a veteran shall be entitled to such transfer as of course, but only in case he is qualified to fill the position. It is evident that in the case at bar his qualifications must be passed upon by the appointing power.

The learned counsel for the appellant contends that the statute

raises a presumption that the veteran is qualified for any position the compensation of which is the same as that received by him in his former position, and expressly places the burden of showing that he is not qualified upon the appointing power. The statute is susceptible of this construction, but I am of the opinion that this was not the intention of the legislature. It is unreasonable to suppose that the lawmakers would have cast this burden on the official clothed with the appointing power, without making any provision for the applicant submitting to an examination to enable the official to determine the question. If this were the necessary construction of the statute, its constitutionality might well be doubted. It will be observed that this right to a transfer in such case rests upon the statute alone, and is not conferred by the constitution (section 9, art. 5, State Const.; Matter of Stutzbach v. Coler, supra). The constitutional right of veterans is confined to preferences in appointments and promotions, and refers only to appointments and promotions made from an eligible civil service list after their qualifications have been ascertained. Sweet v. Partridge, 66 App. Div. 309, 72 N. Y. Supp. 699; section 9, art. 5, State Const.; Matter of Stutzbach v. Coler, supra. Statutory enactments regulating appointments, promotions, and transfers in the municipal civil service must be construed with reference to section 2 of article 10 of the state constitution, which provides that such appointments shall be made by officers of the municipality. The legislature could not itself make the appointment, and yet we are asked to hold that it has attempted to create a presumption that the veteran is qualified without any examination, and to cast the burden upon the appointing power, filling any position for a transfer to which the veteran applies, to show that he is not so qualified. Would not this be an unlawful interference with the discretion and authority of the local appointing power, in whom alone, under the constitution and the statutes enacted pursuant to the requirements thereof, is vested the responsibility of making the appointment? It has been held that it is not competent for the legislature, in view of the section of the constitution last cited, to require the appointing power to appoint the person standing highest on a civil service list, even after his qualifications have been determined by a civil service examination. Peo. ex rel. Balcom v. Mosher, 163 N. Y. 32, 57 N. E. 88, 79 Am. St. Rep. 552. Likewise it has been held that it is not within the province of the legislature to exempt veterans from competitive examination where the compensation of the position does not exceed four dollars per day, and where the legislature, by requiring a civil service examination for others not veterans, recognized the practicability of competitive examination for such positions. Matter of Keymer, 148 N. Y. 219, 42 N. E. 667, 35 L. R. A. 447; Matter of Sweeley, 12 Misc. Rep. 174, 33 N. Y. Supp. 369, affirmed in 146 N. Y. 401, 42 N. E. 543. The right to a transfer, although conferred in general terms, has been limited by the courts to a case where there is a vacancy to which the veteran may be transferred. Matter of Breckenridge, supra; Peo. ex rel. Rodenbough v. Voorhis, 63 App. Div. 249, 71 N. Y. Supp. 266. A construction which would render the statute of doubtful validity should be avoided. An examination of the history of this legislation,

however, leads to the conclusion that the provision imposing the burden of proving incompetency or misconduct upon the person alleging the same (section 21, Civil Service Law) relates only to removals, and was not intended to apply in cases of an alleged denial of a veteran's right to be transferred. It is unnecessary to go back further than chapter 821 of the Laws of 1896, which gave veterans a preference "for appointment, employment and promotion," prohibited their removal "except for incompetency or misconduct shown after a hearing upon due notice," gave them a right to review a removal by certiorari and also a remedy by mandamus, and provided that "the burden of proving incompetency or misconduct shall be upon the party alleging the same." At this time there was no provision authorizing the transfer of a veteran in case of the abolition of the position held by him; and clearly the burden of proof referred to in that statute related to cases of removal. The first statute relating to the transfer of veterans on the abolition of their positions was chapter 184 of the Laws of 1898. It provided that certain honorably discharged soldiers, sailors, or marines, and certain volunteer firemen, should not be removed except for cause shown after a hearing; and that in cities of the first class, where the position "shall become unnecessary or be abolished," marine or volunteer firemen holding the same "shall not be discharged from the public service, but shall be transferred to any branch of the said service for duty in such position as he may be fitted to fill, receiving the same compensation therefor." There was no provision about burden of proof in this act. In other respects the statutory law, so far as material to the present inquiry, remained the same until the enactment of the present civil service law (chapter 370 of the Laws of 1899). Section 21 of that act, after providing that certain honorably discharged soldiers, sailors, marines, and volunteer firemen should not be discharged from the public service "except for incompetency or misconduct shown after a hearing upon due notice," incorporated the material provisions of said act of 1898 with reference to a transfer of said persons in case of the abolition of the position, and expressly made it the duty "of all persons clothed with power of appointment to make such transfers effective." Then follows the sentence, "The burden of proving incompetency or misconduct shall be upon the person alleging the same." It will be observed that the words here used relating to the burden of proof correspond exactly with the words used in the clause relating to a removal after a hearing upon charges, and that they do not correspond with the words employed in the provision relating to a transfer, which are "fitted to fill." The clause relating to the burden of proof, therefore, should not be construed as applying to the provisions of the section relating to a transfer, not only for the reason that such construction would render the constitutionality of the statute doubtful, but also because it was manifestly not the intention of the legislature. Where the position has been abolished in good faith, and the occupant claims the right to be transferred to some other position the duties of which are not the same or similar, the burden should rest upon him of showing his qualifications, and not upon the appointing power of showing the con-

trary. The constitution (section 9, art. 5) provides that appointments shall be made according to merit and fitness. Where the duties of the position are not the same or similar, and the transfer thus practically becomes a new appointment, there is room for argument that in view of this constitutional provision it is not only the right but the duty of the appointing power to select the person who, in his judgment, is the best qualified in those cases,—of course, where, as here, the constitutional right of preference of the veteran does not exist. The reasoning in the opinion of the court of appeals in Matter of Stutzbach v. Coler, supra, although not precisely in point, tends toward sustaining the constitutionality of the law.

These grave questions relating to the constitutionality of the statute may be eliminated by the findings upon the other questions, or upon this should it be presented, and, in view of their far-reaching importance, they should not be finally decided by us now. Therefore, with these suggestions, we leave them open to be determined when the questions shall be directly and necessarily presented.

The case of People ex rel. Mesick v. Scannell, supra, is not in point. That related to a claim of a right to promotion, and did not involve this statute relating to transfers in case of the abolition of the position.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements to the appellant, and an alternative writ should be issued in accordance with the suggestions contained in this opinion.

PATTERSON and HATCH, JJ., concur. VAN BRUNT, P. J., concurs in result.

INGRAHAM, J. I dissent from the reversal of this order and awarding an alternative writ of mandamus. The relator made an application for a peremptory writ upon affidavits. He asked for no alternative writ, but in the court below rested his right to be reinstated upon the facts appearing upon the application. The court denied his application upon those facts, and of this determination the prevailing opinion approves. I can see no reason why, upon appeal, when the case was correctly decided below, the order should be reversed, because, if the relator had asked for an alternative writ in the first instance, he would have been entitled to it. He made no such demand, but rested his right to be reinstated upon the facts as they appeared, and, when defeated upon that application, we are not, I think, justified in reversing the order and granting an alternative writ.